

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 1, 2004

John H. LaChance, Esq.
600 Worcester Rd.
Framingham, MA 01702

Re: <u>Phillip W. Hyde</u>

Dear Mr. LaChance:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Phillip W. Hyde ("Hyde"), in connection with his scheme to defraud the Chicago Teacher's Pension Fund. The Agreement is as follows:

1. <u>Waiver of Indictment and Plea</u>

At the earliest practicable date but in no event later than April 2, 2004, Hyde shall waive indictment and plead guilty to a one-count criminal Information charging him with mail fraud in violation of 18 U.S.C. §1341. Hyde expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in the attached Information, and is in fact guilty of that offense.

2. <u>Penalties</u>

Hyde faces the following maximum penalties: five years in prison, a $250,000 fine, three years of supervised release, an order of restitution, and a $100 special assessment.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a) The parties agree to take the positions: 1) the U.S Sentencing Guidelines effective November 1, 1999 apply to the sentencing of this case; 2) the applicable sentencing guideline section is 2F1.1 for a base offense level of 6; 3) the loss totals $317,678.16 for an increase of 8 under §2F1.1(b)(1)(I); and 4) the offense involved more than minimal planning for an increase of 2 under §2F1.1(b(2).

Based on Hyde's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels if it is 16 or higher and by two levels if it is 15 or lower, under §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Hyde:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Hyde is accountable under U.S.S.G. §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Hyde is accountable under U.S.S.G. §1B1.3;

(f) Engages in acts which form a basis for finding that Hyde has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

(g) Intentionally fails to appear in Court or violates

    any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

 Hyde expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

 Hyde expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. §3C1.1 if Hyde obstructs justice after date of this Agreement.

 4. **Sentence Recommendation**

 The U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) A sentence of imprisonment at the low end of the applicable sentencing guideline range, but in no event less than 12 months in prison;

 (b) A fine at the low end of the applicable sentencing guideline range;

 (c) Restitution in the amount of $317,678.16;

 (d) A $100 mandatory special assessment;

 (e) Two years of supervised release.

 The U.S. Attorney will oppose any departure. In order to provide the government an adequate opportunity to respond to a request for a downward departure, Hyde agrees to submit in writing all grounds for such a departure, including any supporting evidence, no later than fourteen (14) days before sentencing. Hyde agrees that if he fails to do so, he will thereby be deemed to have waived his right to argue for a departure at sentencing. To the extent Hyde relies on his mental condition as a basis for the requested departure, Hyde understands and agrees that in order to assist the Court in its determination of his mental condition, the government may

request, and Hyde will not oppose, that the Court order an outpatient psychiatric or psychological examination pursuant to 18 U.S.C. §3552.

In the event of an appeal from, or collateral challenge to, Hyde's sentence, the U.S. Attorney reserves his right to argue the correctness of Hyde's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Hyde agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Hyde establishes to the satisfaction of the Court that Hyde is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Hyde agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Hyde has agreed to forfeit pursuant to this Agreement.

Hyde agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Hyde has an equity interest of less than $5,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

Hyde further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

4

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Hyde is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Hyde is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. §2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Hyde voluntarily waives his right to appeal or collaterally challenge his conviction and sentence.

Hyde's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

If Hyde files a notice of appeal, other than for the reasons set forth in the immediately preceding paragraph, it will be deemed a breach of this agreement for purposes of paragraph 12 below.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Hyde faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Hyde's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Hyde may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Hyde withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.  Information For Presentence Report

Hyde agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Hyde may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Hyde's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Hyde, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Hyde has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Hyde, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Hyde recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Hyde understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Hyde before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Hyde hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *(signature)*

JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

MARK J. BALTHAZARD
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

PHILLIP W. HYDE

Date: 03/04/04

I certify that Phillip W. Hyde has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JOHN H. LACHANCE, Esq.
Attorney for Phillip W. Hyde

Date: 3/8/04