THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CR No.: 04-10074

UNITED STATES OF AMERICA )
)
)
)
)
)
v. )
)
)
)
PHILLIP HYDE, )
    Defendant )

## SENTENCING MEMORANDUM

NOW COMES, Phillip Hyde, the Defendant in the above-captioned indictment and file this memorandum in aid of sentencing.

### Sentencing Recommendation

Defendant and Counsel recommend that the Court impose a sentence of three (3) years probation with the following terms and conditions:

( a ) The first six (6) months of his probation, Mr. Hyde shall be on home confinement either with or without a bracelet as the Court deems fit. He shall be permitted to leave his residence only to work or seek work, to perform community service, to attend medical appointments and to attend to matters relating to his son as approved by the probation department.

( b ) Mr. Hyde shall perform five hundred (500) hours of community service as directed and supervised probation over the term of his probation.

( c ) Mr. Hyde shall to the extent possible make restitution payments to the teachers' retirement fund which he stole the money in an amount and under such conditions ordered by the Court.

( d )   Mr. Hyde shall, in addition, be subject to all of the standard conditions of probation.

**Reasons for the Recommendation**

As this Court well knows, the Supreme Court in United States v. Booker and United States v. Fan Fan, 2005 WL 50108 (January 12, 2005) held that the sentencing guidelines are advisory rather than mandatory. Although the Court, in formulating a sentence must consider the guideline range calculated for the defendant, it must also consider the sentencing factors set out in 18 United States Code § 3353(a). After balancing all of the circumstances and considerations the Court is, in its discretion, to impose a reasonable sentence. An analysis of this case and this defendant mitigates in favor of the probationary sentence articulated above.

1.   **Mr. Hyde's Sentencing Guideline Calculation**

Both the plea agreement and the probation pre-sentence report correctly calculate defendant's guideline under the guidelines in effect in 1998 and pursuant to the judicial interpretation of guideline application in this Circuit.[1] That calculation (set out at page 5-6 of the pre-sentence report) is:

Offense Level              13
Criminal History Category   I
Guideline Range            12 - 16 months

---

[1] Although defendant doubts that the Sentencing Commission had this type of case in mind for the more than minimal planning enhancement and since defendant's offense was essentially a crime of omission and then a continuing coverup of his wrong doings, case law interpreting this position clearly makes it applicable.

This guideline range places defendant one level outside of zone C, where he would be eligible for house arrest and community confinement. Defendant, before <u>Booker</u>, was going to seek a downward departure on the several grounds set forth in the plea agreement and defendant's objections to the pre-sentence report. Because these factors are subsumed in § 3553(a) the Court need not to be bound by the restrictions of guideline downward departures in order to formulate a reasonable sentence.

**2.    18 United States Code § 3553[2]**

**( a )    Individual Factors**

(1)    Nature and Circumstances of the Offense

Defendant essentially continued to deposit and use the money from his mother's pension after her death and covered up the continuing theft by misrepresentations to the pension fund. The monies were used to support and sustain his family. He did not squander the money on drugs, gambling or extravagances. While this does not excuse his conduct, it mitigates somewhat the evilness of his intent.

(2)    Although not life threatening, defendant has a number of medical conditions that would make it difficult for him to function in a prison setting. (See, medical information set out in the pre-sentence report at page 11-14). Despite the fact

---

[2] The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -
- ( 1 )    the nature and circumstances of the offense and the history and characteristics of the defendant;
- ( 2 )    the need for the sentence imposed -
- ( A )    to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
- ( B )    to afford adequate deterrence to criminal conduct;
- ( C )    to protect the public from further crimes of the defendant; and
- ( D )    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

        that the Bureau of Prisons maintains that it can handle and provide services to Mr. Hyde, the issue is whether house arrest and probation conditions are as effective and less expensive than prison with extended medical care.

(3) Defendant's age and physical condition should enter the Court's thinking as well. Because Mr. Hyde is obese, soft and not in good shape he would be particularly vulnerable to the predators withing the federal prison system.

(4) Defendant's incarceration would adversely affect the emotional condition and life of Mr. Hyde's teenage son who is presently undergoing therapy as a result of the loss of his mother to cancer several years ago.

Except to the individual facing the sentence, house arrest, 500 hours of uncompensated community service and probation restrictions and restitution do not appear significantly less harsh than twelve (12) months incarceration in a camp facility or perhaps community confinement. Moreover, since this is a crime initiated by opportunity, defendant submits that the exposure to a criminal sentence is not a significant factor in acting on the impulse to keep the money coming in for his family.

**( b )** **Specific Deterrence**

Defendant's exposure to the criminal justice system has been more than enough to deter him from future criminal conduct. Recidivism is simply not an issue in this case.

**( c )** **Punishment**

Defendant submits that the shame brought about by the criminal justice process and the initial publicity generated from it has already served as one form of punishment for the offense. Worrying about his son and what would happen to him as a result of this case is another.

Moreover, in some ways, the sentence proposed by defendant is harsher than a jail

sentence. Remaining in the community under house arrest and other restrictions is a constant reminder of the offense and elects public approbative. Community service also punishes while aiding the community.

### ( d )    Rehabilitation

To the extent that defendant still needs rehabilitation for the offense, he has far more opportunity to receive it in the outside rather than in jail. With all due respect to the Bureau of Prisons, jail would do nothing more than warehouse Mr. Hyde for a period of time. It would not provide him with the continuing counseling he is now receiving. It would not allow him to support his teenage son. It would not allow him to do anything productive.

On balance, then, considering all of the factors it is far more reasonable to defendant and to society to impose the sentence recommended by defendant and counsel rather then a sentence of imprisonment. Defendant has accepted responsibility for his offense and feels real remorse. He asks the Court not to separate him from his son.

Respectfully submitted,
**PHILLIP HYDE**
By his Attorney;

Dated: March ___, 2005

_____
John H. LaChance, Esq.
BBO# 282500
600 Worcester Road
Suite 501
Framingham, MA 01702
Tel: (508) 879-5730
Fax: (508) 879-2288

**CERTIFICATE OF SERVICE**

    I, John H. LaChance, Esq., do hereby certify that I have served a copy of the foregoing upon the government by faxing a copy of the same, then by hand-delivering a copy of the same to Assistant United States Attorney Mark Baltazar located at the Office of the United States Attorney, United States District Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 and I have served a copy of the foregoing upon United States Probation Officer Sean Buckley located at the Office of United States Probation, United States District Courthouse, One Courthouse Way, Suite 1200, Boston, MA 02210 on this _____ day of March, 2005.

                                                                                            _____
                                                                                            John H. LaChance, Esq.