UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>     v.<br><br>PHILLIP HYDE,<br>           Defendant,<br><br>BICKNELL & SMITH,<br>           Garnishee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Docket No.<br>04-10074-JLT |

**UNITED STATES OF AMERICA'S MEMORANDUM
IN SUPPORT OF GARNISHMENTS**

Pursuant to 28 U.S.C. § 3205(c)(7), the United States of America respectfully requests that this Court issue a dispositive order directing Bicknell & Smith (hereinafter the "garnishee") to pay over the proceeds of Phillip Hyde's (hereinafter "defendant") nonexempt interests in funds held by the garnishee on behalf of the defendant.[1]  The reasons for such request are set forth

---

[1] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment with the specified information with the Court.  If the Court determines that the requirements are met, the Court shall issue the writ of garnishment. 28 U.S.C. § 3205(c)(1).  Once the Court issues the writ of garnishment, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so.  28 U.S.C. § 3205(c)(3).  Included with the service of the writ on the garnishee is an instruction explaining the requirement that the garnishee submit a written answer to the writ.  28 U.S.C. § 3205(c)(3)(A).  Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and for obtaining a hearing on the objections.  28 U.S.C. § 3205(c)(3)(B).  The garnishee shall answer the writ within 10 days of service.  28 U.S.C. § 3205(c)(2)(E).  The defendant and the United States have 20 days after receipt of the answer to file an objection and request a hearing.  28 U.S.C. § 3205(c)(5).  After the garnishee files an

below.

## BACKGROUND INFORMATION

On or about May 6, 2004, the defendant entered into a Plea Agreement with the United States Attorney's Office. Docket Entry #4. On May 12, 2004, the defendant plead guilty to one count of mail fraud, 18 U.S.C. § 1341, for his action of defrauding the Chicago Public School Teacher's Pension Fund out of $317,678.68 by continuing to accept pension fund checks on behalf of his mother for over twenty years after her death. Unnumbered Docket Entry following #4.

On May 10, 2005, this Court imposed a criminal judgment against the defendant. Docket Entry #12. As part of the sentence imposed by this Court, the defendant was ordered to pay criminal restitution in the amount of $317,678.68 to the Chicago Public School Teacher's Pension Fund through the Clerk of the United States District Court. Id. at 5. As of the date of filing this memorandum, the defendant has made no payments towards his outstanding restitution.

Back in May of 2003, the defendant filed for relief under

---

answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.  If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as practicable.  28 U.S.C. § 3205(c)(7).

2

Chapter 7 of the Bankruptcy Code.[2]  As a result, in May of 2005, the Financial Litigation Unit for the U.S. Attorney's Office ("FLU") was unable to file a lien against the defendant's home at 26 Union Street, Cambridge, Massachusetts to secure the payment of the defendant's outstanding restitution because of the potential for violating the automatic stay.

On or about August 10, 2005, the defendant sold his home at 26 Union Street, Cambridge, Massachusetts.[3]  On or about August 17, 2005, in an effort to prevent the Chicago Public School Teacher's Pension Fund from getting the sale proceeds, the defendant filed a motion with the Bankruptcy Court requesting an order determining that the sale proceeds from the property are exempt under the Massachusetts Homestead Exemption.  The Bankruptcy Court has not yet rendered an opinion.

On August 15, 2005, the FLU filed an application for writ of garnishment with the United States District Court for the District of Massachusetts.  Docket Entry #15.

On August 18, 2005, this Court issued the writ of

---

[2] United States Bankruptcy Court for the District of Massachusetts, Docket No. 03-14530-JNF.

[3] Pursuant to the Plea Agreement entered into between the defendant and the United States Attorney's Office, the defendant agreed ". . . not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney. . ."  Docket Entry #4, p. 4, ¶6.  At no point did the United States Attorney's Office authorize the sale of the defendant's one significant asset, his Cambridge home.

garnishment.  Docket Entry #18.

On August 19, 2005, the United States certified that it had served the writ of garnishment on the garnishee and the defendant.  Docket Entry #16.

On August 31, 2005, the garnishee filed its answer stating that it was holding $121,895 from the sale of the defendant's home at 26 Union Street, Cambridge, Massachusetts, on behalf of the defendant.  Docket Entry #20.

On September 13, 2005, the defendant filed a notice of claim for exemption in which the defendant claimed that the sale proceeds are exempt from collection by the United States Attorney's Office for restitution purposes under the Massachusetts Homestead Exemption.  Docket Entry #21.

**ARGUMENT**

As previously stated, the FLU seeks to have the proceeds of the defendant's sale of his home applied to the defendant's outstanding order of restitution.  The defendant claims that these proceeds are exempt pursuant to the Massachusetts Homestead Exemption, M.G.L. c. 188.  Docket Entry #21.  It his questionable that the sale proceeds from a voluntary sale of a home are protected by the Massachusetts Homestead Exemption,[4] however,

---

[4] See In re Webber, 278 B.R. 294, 297 (Bankr. D. Mass 2002)("An estate of homestead . . . may be terminated during the lifetime of the owner by . . . (1) a deed conveying the property in which an estate of homestead exists. . .").

4

even if the sale proceeds are covered by the Massachusetts Homestead Exemption, the sale proceeds are not exempt under 18 U.S.C. § 3613.

Section 3613(a) of Title 18, part of the Mandatory Victims Rights Act ("MVRA") of 1996, states the following:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that-
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[5]
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

Section 3613(c) of Title 18, part of the Mandatory Victims Rights Act ("MVRA") of 1996, states the following:

> A fine imposed pursuant to the provisions of subchapter

---

[5] These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; certain annuity and pension payments; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act.  26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

> C of Chapter 227 of this title, or an order of restitution made pursuant to section 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.  The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under section (b).

Section (f) of 18 U.S.C. § 3613 provides, "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United states for the enforcement of an order of restitution."

Accordingly, a criminal judgment which orders the payment of a fine or restitution is to be treated as a federal tax lien. See United States v. Laws, 352 F.Supp.2d 707, 710 (E.D.Va 2004)(An order of restitution may be enforced against all property or rights to property of the individual subject to the restitution order, except for property exempt from tax levy.); United States v. James, 312 F.Supp.2d 802, 805 (E.D.Va 2004)(MVRA creates an exception to the anti-alienation provision for fines and restitution orders which are to be treated as liens on the defendant's property equivalent to the liability for delinquent taxes assessed under the Internal Revenue Code.); United States v. Tyson, 242 F.Supp.2d 469, 473 (E.D.Mich. 2003)("[A]n order of restitution is the functional equivalent of, and to be treated precisely as, a tax liability."); United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D.Ok 2002)("Thus, for purposes of

enforcement, a criminal fine is to be treated the same as a lien for the payment of delinquent income taxes.").

Nowhere does 18 U.S.C. § 3613(a) provide for an exception from collection of property rights protected by a state homestead exemption law.  In fact, a state homestead exemption is ineffective against a federal tax lien.  See Herndon v. United States, 501 F.2d 1219, 1222 (8th Cir. 1974); United States v. Heffron, 158 F.2d 657, 659 (9th Cir. 1947); and, Shambaugh v. Scofield, 132 F.2d 345, 346 (5th Cir. 1942).

Accordingly, the defendant's claim that the proceeds from the sale of his home are exempt from collection for the purposes of a federal order of restitution pursuant to the Massachusetts Homestead Exemption, M.G.L. c. 188, is without merit.

7

**CONCLUSION**

For the reasons stated above, the United States of America respectfully requests that this Court, pursuant to 28 U.S.C. § 3205(c)(7), issue a dispositive order directing the garnishee to pay over the proceeds of the defendant's nonexempt interests in funds held by the garnishee on behalf of the defendant.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated: September 22, 2005   /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the United States of America's Memorandum in Support of Garnishments was served by first class mail, postage prepaid, upon the attorneys of record at the following addresses:

Leonard A. Frisoli, Esq.
For Phillip W. Hyde
Frisoli Associates, P.C.
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141

Andrew E. Bram, Esq.
Bicknell & Smith, LLP
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141


Dated: September 22, 2005                    /S/ Christopher R. Donato
                                             Christopher R. Donato
                                             Assistant U.S. Attorney