UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Docket No. |
| v. | ) | 04-10074-JLT |
| | ) | |
| PHILLIP HYDE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BICKNELL & SMITH, | ) | |
| | ) | |
| Garnishee | ) | |
| | ) | |

—————————————————————

## OBJECTION TO CLAIM FOR EXEMPTION

Pursuant to 18 U.S.C. § 3771, The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago ("Fund"), hereby objects to the Claim for Exemption filed by defendant Phillip Hyde ("Defendant"). As grounds for its objection, the Fund states as follows:

1.    Defendant cashed his mother's pension checks issued by the Fund for some 18 years after her death in 1982. After having a non-dischargeable civil judgment entered against him in Bankruptcy Court, and pleading guilty to one count of mail fraud and having an order of restitution entered against him in this Court, Defendant is now attempting to evade his restitution obligations by claiming that the funds resulting from the recent sale of his home are "exempt" both in the Bankruptcy Court and this Court. Regardless of the outcome of Defendant's current motion to claim the proceeds of the sale of his home as exempt in the Bankruptcy Court, he

cannot escape the restitution order of this Court.[1]  Accordingly, Defendant's Claim for

Exemption should be denied.

## BACKGROUND

2.      The Fund finally caught on to Defendant's scheme and sued him on May 21, 2002

in the United States District Court for the District of Massachusetts for fraudulent conversion in

an action entitled *Board of Trustees of the Public School Teachers' Pension Fund and*

*Retirement Fund of Chicago v. Phillip Hyde*, Civ. Action No. 02-10926 (JLT).  After the Fund

moved for summary judgment, Defendant filed a Chapter 7 bankruptcy petition captioned *In re*

*Phillip W. Hyde*, Case No. 03-14530 (JNF) (Bankr. D. Mass. 2003).

3.      During the pendency of Defendant's bankruptcy, the United States Attorney's

Office for the District of Massachusetts initiated criminal proceedings against Defendant for mail

fraud.  Defendant, through his counsel, signed a plea agreement dated March 1, 2004 (the "Plea

Agreement").  Pursuant to Section 6 of the Plea Agreement, Defendant agreed not to transfer any

assets in which he had an interest without the U.S. Attorney's express written consent:

> Protection of Assets for Payment of Restitution, Forfeiture and Fine
> ***
> Hyde agrees not to transfer, or authorize the transfer of any other asset in which
> he has an interest without prior express written consent of the U.S. Attorney,
> except for:
>
> (1) Assets subject to superior, secured interests of innocent third parties, in which
> Hyde has an equity interest of less than $5,000;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde
> and those to whom he owes a legal duty of support, so long as such assets do not
> exceed $5,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.

---

[1] Assuming this Court grants the United States Attorney's garnishment motion, Defendant's Bankruptcy Court motion
would seemingly become moot.

> This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

A copy of Defendant's Plea Agreement is attached hereto as Exhibit A (*see also* Docket Entry No. 4) (emphasis added).

4.    On May 12, 2004, Defendant pleaded guilty to one count of mail fraud, and on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release. In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Defendant is required to pay restitution in the amount of $317,678.68. Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances." A copy of Defendant's Criminal Judgment is attached hereto as Exhibit B (*see also* Docket Entry No. 12).

5.    Although Defendant was scheduled to report to the United States Bureau of Prisons on July 5, 2005, two weeks prior to that date, Defendant filed an emergency motion to postpone his reporting date in order to obtain medical treatment. The Court granted Defendant's motion and he is now set to report to the United States Bureau of Prisons on November 14, 2005.

6.    On August 10, 2005, Defendant sold his home located at 26 Union Street, Cambridge, Massachusetts (the "Property") for $575,000. The Fund is unaware of any prior written consent given to Defendant by the U.S. Attorney's Office in connection with the sale of the Property, nor is the Fund aware of any communication from Defendant to this Court informing this Court of the sale of the Property.

7.    As part of Defendant's Bankruptcy case, he claimed a homestead exemption on the Property pursuant to Mass. Gen. L. ch. 188, § 1 *et seq*. Upon the sale of the Property, the

3

Fund instituted an action on August 12, 2005 in Massachusetts Superior Court to restrain the transfer of the proceeds of the sale in an action entitled *The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago v. Phillip W. Hyde, Andrew Bram, and Bicknell & Smith, LLP*, MICV2005-02845 (the "Superior Court Action").

8.    The Massachusetts Superior Court granted the Fund's motion for a preliminary injunction, and issued a summons and restraining order preventing the transfer of funds resulting from the sale of the Property, which currently remains in full force and effect. At present, the law firm of Bicknell & Smith, LLP ("Garnishee"), which represented Defendant in the sale of the Property, is holding the remaining proceeds of that sale.

9.    Prior to the sale, Defendant granted a $30,000 mortgage to Silverman & Kudish, P.C. (his former bankruptcy counsel), and an $8,000 mortgage to Donald C. Weitzman and Lloyd Lewis. Upon the sale of the Property, Defendant satisfied these mortgages from the proceeds of the sale. Again, the Fund is unaware that any notice was provided to either the U.S. Attorney's Office or this Court with respect to the granting or satisfaction of these mortgages.

10.    After the sale, Defendant also paid from the sale proceeds approximately $34,000 to satisfy obligations to other lawyers and to repay amounts he borrowed from a relative. None of these payments were permitted under the Plea Agreement. It is clear that Defendant continues to pay obligations he owes to everyone other than the Fund.

11.    Defendant also paid $15,000 into an escrow for the benefit of the buyers of the Property in order to secure Defendant's vacating the property by the end of August, 2005. On information and belief, Defendant vacated the Property, and the $15,000 has been retained by Garnishee, though it does not appear that Garnishee has amended its answer herein to include this $15,000 along with the additional $121,895 it is holding.

4

12.     Defendant responded to the Fund's Superior Court Action by seeking a ruling from the Bankruptcy Court that the proceeds resulting from the sale of the Property are exempt under the Massachusetts Homestead Act, Mass. Gen. L. ch. 188, *et seq.*, from the reach of the Fund's efforts to collect on its non-dischargeable fraud judgment.  The Fund has opposed that position in the Bankruptcy Court, and the issue is currently *sub-judice* before the Honorable Joan M. Feeney of the United States Bankruptcy Court for the District of Massachusetts.

13.     On August 15, 2005, the United States Attorney moved for a Writ of Garnishment against the sale proceeds held by Garnishee, and on August 18, 2005, this Court granted the United States Attorney's motion and issued a Writ of Garnishment.  Thereafter, Defendant filed a Claim for Exemption on or about September 12, 2005, in which he (i) stated that his claim of exemption was before Judge Feeney, and (ii) requested that this Court take no action until such time as Judge Feeney rules on Defendant's application.  *See* Docket Entry No. 21.

## ARGUMENT

14.     Regardless of the outcome of the proceedings before Judge Feeney – proceedings to which the United States Attorney is not a party – the proceeds subject to the August 18, 2005 Writ of Garnishment cannot be exempted from collection by the government for several reasons.

15.     Pursuant to 18 U.S.C. § 3613, part of the Mandatory Victims Rights Act of 1996, notwithstanding any other Federal or State law, and subject to exceptions not applicable in this case, an order of restitution may be enforced against any property rights of a defendant:

> (a)  The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—

(1)  property exempt from levy for taxes pursuant to section 6334 (a)(1), (2), (3), (4), (5), (6), (7), (8), 10, and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of judgment under Federal law;

(2)  section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law or State law; and

(3)  the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

***

(f)  Applicability to order of restitution.—In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a) and (f) (emphasis added).

16.    None of the three subsections provide any relief to the Defendant.  First, subsection (a)(1) of § 3613 states that certain property that is exempt from levy of taxes pursuant to 26 U.S.C. § 6334 is also exempt under the § 3613.  However, none of the sections set forth in 26 U.S.C. § 6334 cover the proceeds of a sale of a home.[2]  Accordingly, that exception to the government's ability to enforce a restitution order against a defendant's property is inapplicable to Defendant.

17.    Second, subsection (a)(2) of § 3613 states that the exemptions that would normally be available to debtors under 28 U.S.C. § 3014 are not available with respect to the enforcement of restitution orders in criminal cases.  Although 28 U.S.C. § 3014 typically authorizes debtors to exempt property as is authorized under either Federal or State law, subsection (a)(2) of § 3613 expressly provides that these exemptions are unavailable to a criminal defendant that has been ordered to pay restitution.  In *United States v. Rice*, 196

---

[2] The following are exempt from levy by virtue of 26 U.S.C. § 6334 (a): (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession, (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) minimum exemption for wages, salary, and other income; (10) certain service connected disability payments; (11) certain public assistance payments; and (12) assistance under Job Training Partnership Act.

F.Supp.2d 1196 (N.D.Okla. 2002), the court held that subsection (a)(2) of § 3613 evidenced the

intent of Congress to restrict exemptions normally available to debtors in the context of a

criminal case:

> The fact that Congress specifically stated that the FDCPA's exemptions are
> not available to debtors owing criminal fines is further evidence that Congress
> did not intend pension benefits to be exempt from execution under § 3613.

196 F.Supp.2d at 1199.  Thus, any exemptions which Defendant may have been entitled to in the

Bankruptcy Court *vis a vis* his creditors are inapplicable to the restitution order issued by this

Court.

18.    Finally, subsection (a)(3) of § 3613 deals with the garnishment of wages, an issue

clearly not applicable in this case given that (i) the proceeds at issue result from the sale of

Defendant's home, and (ii) the funds already passed to the Defendant's possession. *See United

States v. Armstrong*, 2005 Dist. Lexis 6844 (N.D. Tex. 2005) ("payments that would otherwise

constitute earnings lose their status as earnings once they pass to the hands or bank accounts of

the debtor").

19.    In *United States v. Lampien*, 89 F.3d 1316 (7th Cir. 1996), an individual was

convicted of embezzling funds, sentenced to two years in prison, and ordered to pay restitution to

her victim.  When the District Court ordered the defendant to sell her home to satisfy her

restitution obligations, the defendant attempted to exempt $40,000 on account of the Wisconsin

homestead exemption, which exempted proceeds of a sale up to $40,000.  The government

contended that the defendant's claimed homestead exemption was preempted by Federal law,

and the District Court and Seventh Circuit agreed:

> A state law that exempts any property belonging to a defendant from
> execution to satisfy a restitution order is in conflict with the enforcement
> provisions of the federal statute and would thwart the essential objective of
> that statute, namely, to provide restitution to the fullest extent possible for

7

> losses that were sustained by the victim and were the direct result of the
> defendant's crime. Thus, if the Wisconsin homestead exemption applies to
> shield Lampien's home from the government's lien, or to prevent any part of
> the proceeds from the sale of her home from being used to satisfy her
> restitution obligation, the homestead exemption is void under the Supremacy
> Clause.

89 F.3d at 1321.

20.    Accordingly, whether or not the Bankruptcy Court declares the proceeds of the sale

exempt from collection by the Fund with respect to the Fund's non-dischargeable civil fraud

judgment, the United States Attorney is not precluded from garnishing these funds to partially

satisfy the Defendant's criminal restitution obligation.

21.    Defendant's Claim for Exemption also fails, because 11 U.SC. § 522 – the section of

the Bankruptcy Code relied upon by Defendant in support of his claim of exemption before Judge

Feeney – does not protect exempt property from debts secured by a tax lien:

> Unless the case is dismissed, property exempted under this section is not liable
> during or after the case for any debt of the debtor that arose, or that is determined
> under section 502 of this title as if such debt had arisen, before the
> commencement of the case, except—
>
> (2) a debt that is secured by a lien that is—
>
> (B) a tax lien, notice of which is properly filed.

11 U.SC. § 522(c)(2)(B).

22.    Pursuant to 18 U.S.C. § 3613 (c), a restitution order is to be treated as a tax lien:

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of
> this title, or an order of restitution made pursuant to sections 2248, 2259,
> 2264, 3663, 3663A or 3664 of this title, is a lien in favor of the United States
> on all property and rights to property of the person fined as if the liability of
> the person fined were a liability for a tax assessed under the Internal Revenue
> Code of 1986. The lien arises on the entry of judgment and continues for 20
> years or until the liability is satisfied, remitted, set aside or is terminated under
> subsection (b).

18 U.S.C. § 3613 (c).

23.    In a similar context, Courts have held that that the pension benefits of a criminal defendant were not entitled to the protections of the Employee Retirement Income Security Act ("ERISA").  In *United States v. James*, 312 F.Supp.2d 802 (E.D.Va. 2004), the government sought to satisfy an order of restitution from the defendant's pension benefits.  The defendant argued that ERISA prohibited the assignment or alienation of his pension proceeds.  The District Court held that 18 U.S.C. § 3613 (c) trumped the provisions of ERISA:

> [T]he Supreme Court specifically admonished that "if exceptions to this policy are to be made, it is for Congress to undertake that task."
>
> It appears that precisely this has occurred; Congress in passing the Mandatory Victim Restitution Act of 1996 ("MVRA") has created just such an exception. In seeking a Writ of Continuing Garnishment, the government is proceeding under the MVRA, specifically 18 U.S.C. § 3613(a), which operates as a congressionally-created exception to the anti-alienation provision in 29 U.S.C. § 1056(d).
>
> ***
>
> The language of § 3613(a) thus makes clear that the government may enforce a criminal fine or restitution order against all of a defendant's property "except that which would be exempt from a levy for the payment of federal income taxes."  Because defendant's interest in an ERISA qualified plan does not fit within any of the exceptions listed in § 3613(a), it follows that ERISA is no bar to garnishment of a qualified pension plan to collect a criminal restitution order.

312 F.Supp.2d at 805 (internal citations omitted).  *See also United States v. Tyson*, 265 F.Supp.2d 788 (E.D. Mich. 2003) (restitution at issue to be treated as if it were a tax lien under 18 U.S.C. § 3613(c), therefore pension benefits not exempt).

24.    Given that (i) pursuant to 11 U.S.C. § 522(c)(2)(B) property subject to properly filed tax liens does not obtain the benefit of 11 U.S.C. § 522(c), and (ii) the government's lien arose upon the entry of the order of restitution on April 20, 2005 (*see* Ex. B, p. 1), under no set of circumstances can Defendant exempt the proceeds of the sale of the Property from the reach of the government.

25.    Perhaps an even more fundamental reason to reject Defendant's Claim for Exemption is the fact that it appears that at no time did he notify either the United States Attorney or the Court that he was encumbering the Property, selling the Property, or using the proceeds from the sale of the Property to pay a multitude of his creditors (other than the Fund), thereby violating the Plea Agreement and the Criminal Judgment.  Defendant should not be allowed to continue to escape his restitution obligation.

## CONCLUSION

Wherefore The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago respectfully requests that this Court (i) deny Defendant Phillip Hyde's request that the Court take no action until the Bankruptcy Court has made its final ruling, (ii) deny Defendant Phillip Hyde's Claim for Exemption in all respects, and (iii) grant such other relief as is just and proper.

Dated: September 22, 2005                      Respectfully submitted,

                                               THE BOARD OF TRUSTEES OF THE PUBLIC
                                               SCHOOL TEACHERS' PENSION AND
                                               RETIREMENT FUND OF CHICAGO,

                                               By its attorneys,

                                               CRAIG AND MACAULEY
                                                 PROFESSIONAL CORPORATION


                                               /s/ Joseph J. Koltun_____
                                               William R. Moorman, Jr. (BBO#548593)
                                               Joseph J. Koltun (BBO#641117)
                                               Craig and Macauley
                                                 Professional Corporation
                                               Federal Reserve Plaza
                                               600 Atlantic Avenue
                                               Boston, Massachusetts  02210
                                               (617) 367-9500

<u>CERTIFICATE OF SERVICE</u>

I, Joseph J. Koltun, hereby certify that on September 22, 2005, I caused a copy of the

foregoing *Objection to Claim for Exemption*, to be served on the parties set forth below at the

addresses indicated by first-class United States mail postage prepaid:

Christopher Donato, Esq.
U.S. Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Barbara K. Hamilton
Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

William W. Leathem
Jacobs, Burns, Orlove, Stanton & Hernand
122 South Michigan Avenue
Suite 1720
Chicago, IL 60603

Dated: September 22, 2005            /s/ Joseph J. Koltun
                                     Joseph J. Koltun

# EXHIBIT A



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 1, 2004

John H. LaChance, Esq.
600 Worcester Rd.
Framingham, MA 01702

        Re: <u>Phillip W. Hyde</u>

Dear Mr. LaChance:

        This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Phillip W. Hyde ("Hyde"), in
connection with his scheme to defraud the Chicago Teacher's
Pension Fund.  The Agreement is as follows:

        1.    <u>Waiver of Indictment and Plea</u>

        At the earliest practicable date but in no event later than
April 2, 2004, Hyde shall waive indictment and plead guilty to a
one-count criminal Information charging him with mail fraud in
violation of 18 U.S.C. §1341.  Hyde expressly and unequivocally
admits that he in fact knowingly, intentionally and willfully
committed the crime charged in the attached Information, and is
in fact guilty of that offense.

        2.    <u>Penalties</u>

        Hyde faces the following maximum penalties: five years in
prison, a $250,000 fine, three years of supervised release, an
order of restitution, and a $100 special assessment.

3.    Sentencing Guidelines

    The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

> (a)    The parties agree to take the positions: 1) the U.S Sentencing Guidelines effective November 1, 1999 apply to the sentencing of this case; 2) the applicable sentencing guideline section is 2F1.1 for a base offense level of 6; 3) the loss totals $317,678.16 for an increase of 8 under §2F1.1(b)(1)(I); and 4) the offense involved more than minimal planning for an increase of 2 under §2F1.1(b(2).

    Based on Hyde's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels if it is 16 or higher and by two levels if it is 15 or lower, under §3E1.1.

    The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Hyde:

> (a)    Fails to admit a complete factual basis for the plea;
>
> (b)    Fails to truthfully admit his conduct in the offenses of conviction;
>
> (c)    Falsely denies, or frivolously contests, relevant conduct for which Hyde is accountable under U.S.S.G. §1B1.3;
>
> (d)    Fails to provide truthful information about his financial status;
>
> (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Hyde is accountable under U.S.S.G. §1B1.3;
>
> (f)    Engages in acts which form a basis for finding that Hyde has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;
>
> (g)    Intentionally fails to appear in Court or violates

2

any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision
       of this Agreement; and/or

(j)    Attempts to withdraw his guilty plea.

Hyde expressly understands that he may not withdraw his plea
of guilty if, for any of the reasons listed above, the U.S.
Attorney does not recommend that he receive a reduction in
Offense Level for acceptance of responsibility.

Hyde expressly understands that, in addition to declining to
recommend an acceptance-of-responsibility adjustment, the
Government may seek an upward adjustment pursuant to U.S.S.G.
§3C1.1 if Hyde obstructs justice after date of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

(a)    A sentence of imprisonment at the low end of the
       applicable sentencing guideline range, but in no
       event less than 12 months in prison;

(b)    A fine at the low end of the applicable sentencing
       guideline range;

(c)    Restitution in the amount of $317,678.16;

(d)    A $100 mandatory special assessment;

(e)    Two years of supervised release.

The U.S. Attorney will oppose any departure.  In order to
provide the government an adequate opportunity to respond to a
request for a downward departure, Hyde agrees to submit in
writing all grounds for such a departure, including any
supporting evidence, no later than fourteen (14) days before
sentencing.  Hyde agrees that if he fails to do so, he will
thereby be deemed to have waived his right to argue for a
departure at sentencing.  To the extent Hyde relies on his mental
condition as a basis for the requested departure, Hyde
understands and agrees that in order to assist the Court in its
determination of his mental condition, the government may

3

request, and Hyde will not oppose, that the Court order an
outpatient psychiatric or psychological examination pursuant to
18 U.S.C. §3552.

In the event of an appeal from, or collateral challenge to,
Hyde's sentence, the U.S. Attorney reserves his right to argue
the correctness of Hyde's sentence and the manner in which the
District Court determines it.

     5.   <u>Payment of Mandatory Special Assessment</u>

Hyde agrees to pay the mandatory special assessment to the
Clerk of the Court on or before the date of sentencing, unless
Hyde establishes to the satisfaction of the Court that Hyde is
financially unable to do so.

     6.   <u>Protection of Assets for Payment of Restitution,
Forfeiture and Fine</u>

Hyde agrees not to transfer, or authorize the transfer of,
any asset which has been restrained by Order of the Court in this
case or any asset, whether or not restrained, which Hyde has
agreed to forfeit pursuant to this Agreement.

Hyde agrees not to transfer, or authorize the transfer of
any other asset in which he has an interest without prior express
written consent of the U.S. Attorney, except for:

     (1)   Assets subject to superior, secured interests of
innocent third parties, in which Hyde has an
equity interest of less than $5,000;

     (2)   Ordinary living expenses necessary to house,
clothe, transport and feed Hyde and those to whom
he owes a legal duty of support, so long as such
assets do not exceed $5,000 per month; and

     (3)   Attorney's fees incurred in connection with this
criminal case.

This prohibition shall be effective as of the date of Hyde's
execution of this Agreement and continue until the fine,
forfeiture and/or restitution ordered by the Court at sentencing
is satisfied in full.

Hyde further agrees that, prior to sentencing, he will
truthfully and accurately complete the sworn financial statement
enclosed with this Agreement.

4

7.   <u>Waiver of Rights to Appeal and to Bring Collateral</u>
     <u>Challenge</u>

Hyde is aware that he has the right to challenge his
sentence and guilty plea on direct appeal.  Hyde is also aware
that he may, in some circumstances, be able to argue that his
plea should be set aside, or his sentence set aside or reduced,
in a collateral challenge (such as pursuant to a motion under 28
U.S.C. §2255).

In consideration of the concessions made by the U.S.
Attorney in this Agreement, Hyde voluntarily waives his right to
appeal or collaterally challenge his conviction and sentence.

Hyde's waiver of rights to appeal and to bring collateral
challenges shall not apply to appeals or challenges based on new
legal principles in First Circuit or Supreme Court cases decided
after the date of this Agreement which are held by the First
Circuit or Supreme Court to have retroactive effect.

If Hyde files a notice of appeal, other than for the reasons
set forth in the immediately preceding paragraph, it will be
deemed a breach of this agreement for purposes of paragraph 12
below.

This Agreement does not affect the rights or obligations of
the United States as set forth in 18 U.S.C. §3742(b), and the
U.S. Attorney therefore retains his appeal rights.

8.   <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Hyde faces under the applicable
law, the sentence to be imposed is within the sole discretion of
the sentencing judge.  Hyde's plea will be tendered pursuant to
Fed. R. Crim. P. 11(c)(1)(B).  Hyde may not withdraw his plea of
guilty regardless of what sentence is imposed.  Nor may Hyde
withdraw his plea because the U.S. Probation Office or the
sentencing judge declines to follow the Sentencing Guidelines
calculations or recommendations of the parties.  In the event
that the sentencing judge declines to follow the Sentencing
Guidelines calculations or recommendations of the U.S. Attorney,
the U.S. Attorney reserves the right to defend the sentencing
judge's calculations and sentence in any subsequent appeal or
collateral challenge.

5

9.    Information For Presentence Report

Hyde agrees to provide all information requested by the U.S.
Probation Office concerning his assets.

10.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Hyde may have incurred or may incur as a
result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

11.    Rejection of Plea By Court

Should Hyde's guilty plea not be accepted by the Court for
whatever reason, or later be withdrawn on motion of Hyde, this
Agreement shall be null and void at the option of the U.S.
Attorney.

12.    Breach of Agreement

If the U.S. Attorney determines that Hyde has failed to
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Hyde, through counsel or
otherwise, in writing.  The U.S. Attorney may also pursue all
remedies available to him under the law, irrespective of whether
he elects to be released from his commitments under this
Agreement.  Further, the U.S. Attorney may pursue any and all
charges which have been, or are to be, dismissed pursuant to this
Agreement.  Hyde recognizes that no such breach by him of an
obligation under this Agreement shall give rise to grounds for
withdrawal of his guilty plea.  Hyde understands that, should he
breach any provision of this agreement, the U.S. Attorney will
have the right to use against Hyde before any grand jury, at any
trial or hearing, or for sentencing purposes, any statements
which may be made by him, and any information, materials,
documents or objects which may be provided by him to the
government subsequent to this Agreement, without any limitation.
In this regard, Hyde hereby waives any defense to any charges
which he might otherwise have under any statute of limitations or
the Speedy Trial Act.

6

13.  <u>Who Is Bound By Agreement</u>

     This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.  <u>Complete Agreement</u>

     This letter contains the complete and only agreement between the parties.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

     If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

                         Very truly yours,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                         By: _____
                         JAMES B. FARMER
                         Assistant U.S. Attorney
                         Chief,
                         Criminal Division

                         STEPHEN P. HEYMANN
                         Assistant U.S. Attorney
                         Deputy Chief,
                         Criminal Division

                         MARK J. BALTHAZARD
                         Assistant U.S. Attorney

                                   7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

PHILLIP W. HYDE

Date: 08/04/04

I certify that Phillip W. Hyde has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JOHN H. LACHANCE, Esq.
Attorney for Phillip W. Hyde

Date: 3/8/04

8

**EXHIBIT B**

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**PHILLIP HYDE** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>**Case Number:  1: 04  CR 10074 -01-JLT**<br><br>John H. LaChance, Esq.<br>Defendant's Attorney |

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s): 1 on May 12, 2004.

☐ pleaded nolo contendere to counts(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1341 | MAIL FRAUD | 07/01/00 | 1 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ is  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 04/20/05<br>Date of Imposition of Judgment |
| Defendant's Date of Birth:  00-00-0000 | *[signature]* |
| Defendant's USM No.: 25219-038 | Signature of Judicial Officer<br>The Honorable Joseph L. Tauro |
| Defendant's Residence Address: | Name and Title of Judicial Officer |
| 26 Union Street<br>Cambridge, MA 02141 | Judge, U.S. District Court |
| Defendant's Mailing Address:<br>Same as above | Date  5/10/05 |

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

CASE NUMBER: 1:04  CR 10074 -01-JLT                              Judgment - Page    2   of    6
DEFENDANT: PHILLIP HYDE

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of            a year and a day.

[x]   The court makes the following recommendations to the Bureau of Prisons:

    THAT THE DEFENDANT SERVE HIS SENTENCE AT THE "CAMP"  AT FT. DEVENS, MA.

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
    [ ] at _____ on _____
    [ ] as notified by the United States Marshal.

[x]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [x] before _12:00 pm_  on _07/05/05_
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____  to  _____

at _____ , with a certified copy of this judgment.


                                                    _____
                                                        UNITED STATES MARSHAL


                                            By  _____
                                                    Deputy U.S. Marshal

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

CASE NUMBER:  1:04  CR 10074 -01-JLT                                               Judgment - Page  3 of  6
DEFENDANT: PHILLIP HYDE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of          2    year(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:04-cr-10074-JLT     Document 12     Filed 05/10/2005     Page 4 of 6

---

Continuation Page - Supervised Release/Probation

---

CASE NUMBER: 1:04  CR 10074 -01-JLT                                    Judgment - Page    4 of    6
DEFENDANT: PHILLIP HYDE

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

1. The defendant shall not incur any new credit/charges without prior approval of the probation department.

2. The defendant shall give U.S. probation access to any financial information.

3. The defendant shall pay  the balance of $317,678.68 in  restitution on a schedule to be determined by the probation department, during  the supervised release period.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 5 of 6

CASE NUMBER:  1: 04  CR 10074 -01-JLT
DEFENDANT: PHILLIP HYDE

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | | $317,678.68 |

[ ] The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Public School Teacher's Pension Fund, c/o Patricia Hambrick 55 West Wacker Drive, 14th Flr Chicago, IL 60601 | | $317,678.68 | |

[ ] See Continuation Page

| **TOTALS** | $0.00 | $317,678.68 | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement  _____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[x] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[x] the interest requirement is waived for the    [ ] fine and/or    [x] restitution.

[ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 1:04-cr-10074-JLT    Document 12    Filed 05/10/2005    Page 6 of 6

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 5, Part B — Criminal Monetary Penalties

Judgment - Page    6    of    6

CASE NUMBER:  1:04  CR 10074 -01-JLT
DEFENDANT: PHILLIP HYDE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✗]  Lump sum payment of    $100.00    due immediately, balance due

        [ ] not later than _____ , or
        [ ] in accordance with [ ] C,    [ ] D, or    [ ] E below; or

B  [ ]  Payment to begin immediately (may be combined with C, D, or E below); or

C  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E  [✗]  Special instructions regarding the payment of criminal monetary penalties:

The restitution portion shall be paid on a scheduled to be established by the U.S. Probation Officer during
the period of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

     Case Number, Defendant Name, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Continuation
     Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.