UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04 CR 10074-01-JLT |
| | ) | |
| PHILLIP HYDE | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BICKNELL & SMITH | ) | |
| Garnishee | ) | |

**JOINT MOTION OF DEFENDANT, PHILLIP HYDE, AND GARNISHEE, BICKNELL & SMITH, FOR INSTRUCTIONS ON WRIT OF GARNISHMENT**

The Defendant, Phillip Hyde, and Garnishee, Bicknell & Smith, hereby jointly move the Court for instructions on the Writ of Garnishment ("Writ") entered on August 18, 2005.

On November 2, 2005, in response to a question from the United States Bankruptcy Court, Feeney, J., this Court issued an Order stating that the restitution order, issued by this Court, creates an entirely new obligation owed by the Debtor, and allowed the Department of Justice ("DOJ") to enforce said restitution order. The Defendant timely filed an appeal of said Order.

On August 15, 2005, Bicknell & Smith, as closing counsel to the Defendant, was served with a Writ, garnishing the monies of the Defendant. On August 19, 2005, Bicknell & Smith answered the Writ, stating that approximately $121,895.00 was being

held in escrow. These monies were the direct proceeds of the sale of the Defendant's residence, which was scheduled as exempt in his bankruptcy petition.

On August 10, 2005, the Defendant sold his residence, just prior to a foreclosure auction, scheduled for August 12, 2005. At the time of the sale of the Defendant's residence, the Defendant was not required to vacate the residence until August 30, 2005. Accordingly, an escrow account of $15,000 was established to ensure that the Defendant would vacate his residence, and that said residence would be turned over in the condition required under the purchase and sale agreement, i.e. empty and broom clean. Said escrow account was to be used, if necessary, to evict the Defendant and restore the residence to the required condition at the time of sale. The Defendant ultimately vacated the residence in a timely fashion and the $15,000 escrow was released to the Defendant. Said $15,000 is being held by Bicknell & Smith, in addition to the $121,895 previously garnished, awaiting instructions from the Court.

However, in order to vacate the residence, the Defendant was required to hire certain vendors to clean the house and remove and store his personal belongings. Since the additional $15,000 remains in escrow, it has not been used to pay the costs incurred in vacating the house. Specifically, there are five vendors whose bills for services incurred in removing the Defendant from the house remain unpaid. The vendors are:

1. Junk Out - $1,068 (junk removal fee);
2. Walkers & More - $200 (cleaning fees);
3. Gentle Giant - $3,904.16 (moving expense);
4. Gentle Giant - $7,900 (one year of storage); and
5. Corporate Stay - $4,600 (short term rent)

The above referenced vendors, with the exception of Corporate Stay, are local small businesses, who provided goods and services in anticipation of payment from the $15,000 escrow account. However, as a result of the Writ, said $15,000 has not been released to make any payments to the vendors.

On September 9, 2005, the Defendant, through counsel, contacted counsel for the Pension fund requesting permission to pay these bills, and provided copies of said bills. The Pension refused to allow payments to the vendors.

Additionally, since the Court's ruling of November 2, 2005, that the homestead exception does not apply to the post petition restitution order of this Court, the DOJ has demanded that the Garnishee pay all the funds currently held by it to the DOJ. However, no such order has been made by the Court.

Presently, the Garnishee has not filed an amended response to the Writ because of the issue of whether or not the additional $15,000 escrow may be used to pay the vendors who provided services to ensure that the Defendant was removed from the property and that said property was delivered in broom clean condition, which was the intention of said $15,000 escrow when the agreement was executed.

Accordingly, the Defendant and the Garnishee seek the Courts instructions on what amount of monies shall be paid into Court, and in which account said monies shall be deposited pending Defendant's appeal of the Court's Order, dated November 2, 2005.

WHEREFORE, the Defendant, Phillip Hyde, and the Garnishee, Bicknell & Smith, jointly move the Court for instructions on the Writ and to enter an Order that the vendors referenced herein may be paid from the $15,000 escrow which was specifically set aside to ensure that the Defendant vacated his residence and provided said residence in the condition agreed upon.

Defendant By His Attorney,

 /s/ Leonard A. Frisoli
Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141

                                                (617) 494-0200

                                                Garhishee, Pro Se,

                                                /s/ Andrew Bram
                                               Andrew Bram
                                               Bicknell & Smith
                                               43 Thorndike Street
                                               Cambridge, MA 02141
                                               (617) 494-9400

Date:12/12/05


## Certificate of Service

    I, Leonard A. Frisoli, hereby certify that a true copy of the above document was served upon counsel for the Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210, by mail, on December 12, 2005.

                                                /s/ Leonard A. Frisoli
                                               Leonard A. Frisoli