UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA )<br>            Plaintiff,        )<br>                                 )<br>v.                                )<br>                                 )<br>PHILLIP HYDE              )<br>            Defendant      )<br>                                 )<br>            and                )<br>                                 )<br>BICKNELL & SMITH     )<br>            Garnishee     )  | | 1:04 CR 10074-01-JLT |

**DEFENDANT, PHILLIP HYDE'S, MOTION TO
STAY THE COURT ORDER DATED NOVEMBER 2, 2005, PENDING APPEAL**

    The Defendant, Phillip Hyde, hereby moves the Court, pursuant to F.R.A.P. 8, to Stay The Court Order Dated November, 2, 2005, Tauro, J., Pending Appeal.

    On November 2, 2005, in response to a question from the United States Bankruptcy Court, Feeney, J., this Court issued an Order stating that the restitution order, issued by this Court to the Defendant, created an entirely new obligation owed by the Debtor, and allowed the Department of Justice ("DOJ") to enforce said restitution order. The Defendant timely filed an appeal of said Order.

    The Defendant's residence was scheduled as exempt in his previously filed bankruptcy petition, pursuant to the Massachusetts Homestead Law, G.L.c.188, §1. Neither the DOJ nor the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago ("Fund") objected to the Debtor's claim of exemption in his

residence. Accordingly, the Defendant's residence passed through bankruptcy as exempt property.

The Defendant is well within his rights to protect the proceeds from the sale of his exempt residence. Pursuant to 11 U.S.C.§522(c) "…property exempted under this section is not liable during or after the case for any debt of the debtor that arose… before the commencement of the case." There are no exceptions to this rule that would be applicable in this instance. See, *Lowe v. Yochem (In re Reed),* 184 B.R. 733,737-38 (Bankr. W.D. Tex. 1995), which reasoning was recently adopted by the Bankruptcy Court, Rosenthal, J., in an Order On Motion By Debtor For An Order Confirming Sale Proceeds [of debtor's residence] As Exempt Pursuant To 11U.S.C.§522(c), dated 12/7/05, in In re Maurice F. Cunningham, Chapter 7 Case number 03-41039-JBR. As noted in the *Reed* Court "…once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact".

Further, the bankruptcy code defines debt as a liability on a claim. 11 U.S.C.§101(5) defines claim as (a) "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance is such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured". Accordingly, it is clear that the Defendant has the right to protect his exempt assets from creditors of a pre-petition claim. The claim of the Fund and DOJ arose more than 20 years ago, and clearly prior to the Defendant's bankruptcy petition.

This Court previously issued a Writ of Garnishment ("Writ") freezing the monies of the Defendant, which were in the hands of the Garnishee, Bicknell & Smith. Said monies are currently being held in the IOLTA account of the law firm of Bicknell & Smith, which represented the Defendant in the sale of his house. On August 19, 2005, Bicknell & Smith answered the Writ, stating that approximately $121,895.00 were being

held in escrow.  These monies were the direct proceeds of the sale of the Defendants residence, which was scheduled as exempt in his bankruptcy petition.

At the time of the sale of the Defendant's residence, an escrow account of $15,000 was established to ensure that the Defendant would vacate his residence, and that said residence would be turned over properly.  Said escrow account was to be used to evict the Defendant and restore the residence to its living condition at the time of sale, if necessary.  The Defendant ultimately vacated the residence in a timely fashion and the $15,000 escrow was released to the Defendant.  Said $15,000 is also being held by Bicknell & Smith awaiting instructions from the Court.

On November 2, 2005, the Court issued an Order stating that the restitution order created an entirely new obligation owed by the Debtor, and allowed the DOJ to enforce said restitution order.

Accordingly, the Defendant moves the Court to Stay The Court Order Dated November, 2, 2005, Pending Appeal.  The Defendant has good grounds to pursue his appeal as the grounds for exceptions to exemptions under 11 U.S.C.§522(c) are narrow, and do not include an exception for restitution orders of pre-petition claims.

WHEREFORE, the Defendant moves this Court to Stay The Court Order Dated November, 2, 2005, Pending Appeal, or in the alternative pay the garnished monies into the clerk of the Court, to be held by the Clerk, until such time as the appeal is decided.

Defendant By His Attorney,

 /s/ Leonard A. Frisoli
Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
(617) 494-0200

Date:12/13/05

Certificate of Service

  I, Leonard A. Frisoli, hereby certify that a true copy of the above document was served upon counsel for the Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210, and Garnishee, Bicknell & Smith, by mail, on December 13, 2005.

                     /s/ Leonard A. Frisoli
                     Leonard A. Frisoli