UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIP HYDE,<br><br>    Defendant,<br><br>and<br><br>BICKNELL & SMITH,<br><br>    Garnishee | )<br>)<br>)<br>)<br>)   Criminal Docket No.<br>)   04-10074-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
<u>BE HEARD, OR, IN THE ALTERNATIVE, TO INTERVENE</u>**

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund"), hereby moves to be heard in this action pursuant to 28 U.S.C. § 3771, or, in the alternative, to intervene herein. This action proves the old adage "truth is stranger than fiction," and at this point involves the efforts of the United States and the Fund to enforce a restitution order entered against defendant Phillip Hyde ("Hyde") on April 20, 2005 in the amount of $317,678.68. Though this Court recently entered an order stating that (i) the proceeds of the sale of Hyde's home were unaffected by Hyde's homestead exemption, and (ii) the United States could enforce the restitution order by garnishing those proceeds, Hyde has since appealed that order and is seeking a stay thereof pending his appeal. In addition, notwithstanding the fact that Hyde has not paid a single penny to the Fund, he is seeking permission from this Court to pay his current rent, storage, cleaning and moving expenses from the funds that are the subject of

this Court's restitution order. The Fund opposes both of the motions presented by Hyde and seeks to be heard or to intervene in this action to present its objections.

## BACKGROUND

The Fund is the victim of a lengthy fraud perpetrated by defendant Hyde, in which he cashed his mother's pension checks issued by the Fund for some 18 years after her death. The Fund finally caught on to Hyde's scheme and sued him on May 21, 2002 in the United States District Court for the District of Massachusetts for fraudulent conversion in an action entitled *Board of Trustees of the Public School Teachers' Pension Fund and Retirement Fund of Chicago v. Phillip Hyde*, Civ. Action No. 02-10926 (JLT). After the Fund moved for summary judgment, Hyde filed a Chapter 7 bankruptcy petition captioned *In re Phillip W. Hyde*, Case No. 03-14530 (JNF) (Bankr. D. Mass. 2003).

During the pendency of Hyde's bankruptcy, the United States Attorney's Office for the District of Massachusetts initiated criminal proceedings against Hyde for mail fraud. Hyde, through his counsel, signed a plea agreement dated March 1, 2004 (the "Plea Agreement"). Pursuant to Section 6 of the Plea Agreement, Hyde agreed not to transfer any assets in which he had an interest without the U.S. Attorney's express written consent:

> Protection of Assets for Payment of Restitution, Forfeiture and Fine
> ***
> Hyde agrees not to transfer, or authorize the transfer of any other asset in which he has an interest <u>without prior express written consent of the U.S. Attorney</u>, except for:
>
> (1) Assets subject to superior, secured interests of innocent third parties, in which Hyde has an equity interest of less than $5,000;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.

2

> This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

A copy of Hyde's Plea Agreement is attached hereto as Exhibit A (*see also* Docket Entry No. 4) (emphasis added).

On May 12, 2004, Hyde pleaded guilty to one count of mail fraud and, on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release. In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Hyde is required to pay restitution in the amount of $317,678.68. Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances." A copy of Hyde's Criminal Judgment is attached hereto as Exhibit B (*see also* Docket Entry No. 12).

Although Hyde was scheduled to report to the United States Bureau of Prisons on July 5, 2005, two weeks prior to that date, he filed an emergency motion to postpone his reporting date in order to obtain medical treatment. The Court granted Hyde's motion and he was to report to the United States Bureau of Prisons on November 14, 2005. Shortly before the November 14, 2005 date, Hyde filed another emergency motion to again postpone his reporting date in order to obtain further medical treatment. The Court again granted Hyde's motion, though as of this date no new self-reporting date has been established.

On August 10, 2005, Hyde sold his home located at 26 Union Street, Cambridge, Massachusetts (the "Property") for $575,000. The Fund is unaware of any prior written consent given to Hyde by the U.S. Attorney's Office in connection with the sale of the Property, nor is the Fund aware of any communication from Hyde to this Court informing this Court of the sale of the Property. As part of Hyde's Bankruptcy case, he claimed a homestead exemption in the

Property pursuant to Mass. Gen. L. ch. 188, § 1 *et seq*.  Upon the sale of the Property, the Fund instituted an action on August 12, 2005 in Massachusetts Superior Court to restrain the transfer of the proceeds of the sale of the Property in an action entitled *The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago v. Phillip W. Hyde, Andrew Bram, and Bicknell & Smith, LLP*, MICV2005-02845 (the "Superior Court Action").

The Massachusetts Superior Court granted the Fund's motion for a preliminary injunction, and issued a summons and restraining order preventing the transfer of the sale proceeds, which currently remains in full force and effect.  At present, Bicknell & Smith, which represented Hyde in the sale of the Property, is holding the remainder of the sale proceeds.  Prior to the sale, Hyde granted a $30,000 mortgage to Silverman & Kudish, P.C. (his former bankruptcy counsel), and an $8,000 mortgage to Donald C. Weitzman and Lloyd Lewis.  Upon the sale of the Property, Hyde satisfied these mortgages from the proceeds of the sale.  Again, the Fund is unaware that any notice was provided to either the U.S. Attorney's Office or this Court with respect to the granting or satisfaction of these mortgages.

After the sale, Hyde also paid from the sale proceeds approximately $34,000 to satisfy obligations to other lawyers and to repay amounts he borrowed from a relative.  The Fund believes that none of these payments were permitted under the Plea Agreement.  Hyde's counsel also held $15,000 in escrow for the benefit of the buyers of the Property in order to secure Hyde's vacating the property by the end of August, 2005.  Hyde vacated the Property by the end of August, 2005, and the $15,000 has been retained by Bicknell & Smith, though it does not appear that Bicknell & Smith has amended its answer herein to include this $15,000 along with the additional $121,895 it is holding (collectively the "Remaining Proceeds").

Hyde responded to the Fund's Superior Court Action by seeking a ruling from the Bankruptcy Court that the Remaining Proceeds are exempt under the Massachusetts Homestead Act, Mass. Gen. L. ch. 188, *et seq.*, from the reach of the Fund's efforts to collect on its non-dischargeable fraud judgment. The Fund opposed that position in the Bankruptcy Court. On September 26, 2005, the Honorable Joan M. Feeney of the United States Bankruptcy Court for the District of Massachusetts stated that she would take no action on Hyde's *Motion for Court Order, Confirming the Sale Proceeds of 26 Union Street, Cambridge, MA, as Exempt*, until such time as this Court determines whether to enforce its post-judgment garnishment order with respect to the Remaining Proceeds.

On November 2, 2005, this Court entered an order (the "Order") in which it determined that the Remaining Proceeds were unaffected by Hyde's homestead exemption, and that the United States could enforce the restitution order by garnishing the Remaining Proceeds. Thereafter, Hyde filed a notice of appeal of the Order on November 30, 2005, and has recently made two applications to this Court: (i) for instructions regarding the additional $15,000 held by Bicknell & Smith, and (ii) to stay the Order pending Hyde's appeal.

## ARGUMENT

**I.     AS A VICTIM OF HYDE'S FRAUD, THE FUND SHOULD EITHER BE PERMITTED TO BE HEARD IN THIS ACTION, OR, IN THE ALTERNATIVE, TO INTERVENE**

Whether under the Crime Victim Rights Act of 2004 ("CVRA") or Fed. R. Civ. P. 24, the Fund should be permitted to be heard in this action, or, in the alternative, to intervene herein given that (i) it is the victim of Hyde's crimes, and (ii) it has a substantial interest in the outcome of this litigation and its rights may not be adequately protected in the absence of intervention.

A. *<u>The CVRA Affords The Fund The Right To Be Heard</u>*

The CVRA is codified at 18 U.S.C. § 3771, and affords "crime victims"[1] certain rights, including:

 (1) The right to be reasonably protected from the accused.

(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(5) The reasonable right to confer with the attorney for the Government in the case.

(6) The right to full and timely restitution as provided in law.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771(a). *See also United States v. Tobin*, 2005 U.S. Dist. Lexis 16646 (D. N.H. 2005) (crime victim entitled to file objection to motion to continue trial pursuant to 18 U.S.C. § 3771(a)); *United States v. Turner*, 367 F.Supp.2d 319, 322 (E.D.N.Y. 2005) ("the CVRA gives crime victims direct standing to vindicate their procedural and substantive rights in criminal cases independently of prosecutors and also imposes on the judiciary an affirmative obligation to 'ensure' that those rights are 'afforded.'").

---

[1] 18 U.S.C. § 3771(e) defines a crime victim as "a person directly or proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia."

The CVRA provides the Fund the right to be heard in this matter. First, notwithstanding that this Court ordered the garnishment of the Remaining Proceeds almost two months ago, Bicknell & Smith has not turned over the Remaining Proceeds. In addition to that unreasonable delay in this matter, Hyde's motion seeking a stay of this Court's November 2, 2005 Order threatens further unreasonable delay, thereby giving the Fund a right to be heard under 18 U.S.C. §3771(a)(7). Next, the facts of this case demonstrate that Hyde violated his Plea Agreement when he sold his home, after executing several mortgages thereon, without the written consent of the United States Attorney, thus providing a basis to be heard under 18 U.S.C. §3771(a)(4). Not only did Hyde violate the terms of his Plea Agreement when he sold his home, he also failed to inform the Court of a change in his economic circumstances as required by the Criminal Judgment entered herein. Finally, to date, Hyde has not paid a single penny in restitution to the Fund, and, in fact, is seeking to further diminish the Remaining Proceeds by his recently filed "joint motion for instructions on writ of garnishment," thus providing the Fund another grounds for intervening herein pursuant to 18 U.S.C. §3771(a)(6).

Accordingly, for the reasons set forth herein, the Fund respectfully submits that it should be permitted to be heard in this action.

B.    *Intervention Is Warranted Under Fed. R. Civ. P. 24(a)*

In the alternative, the Fund moves to intervene in this action pursuant to Fed. R. Civ. P. 24(a), which states in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: …(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). *See also Flynn v. Hubbard*, 782 F.2d 1084, 1090 (1st Cir. 1086) (intervention warranted when party's right's may be impaired).

7

Here, the Fund – as the victim of Hyde's fraud – unquestionably has an interest in the outcome of this proceeding, and its interests may be impaired if it is not permitted to intervene herein. While the U.S. Attorney has done a superb job addressing Hyde's arguments before this Court, due to the prior Bankruptcy Court proceedings involving Hyde and the Fund, and the recent motions filed by Hyde in this Court, intervention is necessary so that the Fund may address any bankruptcy related issues with respect to which the Fund's counsel are thoroughly familiar. Accordingly, the Fund should be permitted to intervene in this action.

## CONCLUSION

For the foregoing reasons, The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago respectfully requests that the Court grant its motion to be heard, or, in the alternative to intervene in this action, and for such other relief as the Court deems just and proper.

Dated: December 20, 2005        Respectfully submitted,

THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,

By its attorneys,

CRAIG AND MACAULEY
　PROFESSIONAL CORPORATION


/s/ Joseph J. Koltun
William R. Moorman, Jr. (BBO#548593)
Joseph J. Koltun (BBO#641117)
Craig and Macauley
　Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and accurate copy of the foregoing *Memorandum of Law in Support of Motion to Be Heard, or, In the Alternative, to Intervene*, to be served on the parties set forth below at the addresses indicated by first-class United States mail postage prepaid on December 20, 2005:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Dated: December 20, 2005             /s/ Joseph J. Koltun
                                     Joseph J. Koltun