UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>PHILLIP HYDE,<br><br>　　Defendant,<br><br>and<br><br>BICKNELL & SMITH,<br><br>　　Garnishee | )<br>)<br>)<br>)<br>)  Criminal Docket No.<br>)  04-10074-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO JOINT MOTION FOR
INSTRUCTIONS ON WRIT OF GARNISHMENT**

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund"), hereby opposes the "joint motion for instructions" filed by Phillip Hyde ("Hyde") and Bicknell & Smith. As grounds for this opposition, the Fund respectfully submits as follows:

## BACKGROUND

The Fund is the victim of a lengthy fraud perpetrated by Hyde, in which he cashed his mother's pension checks issued by the Fund for some 18 years after her death. The Fund finally caught on to Hyde's scheme and sued him on May 21, 2002 in the United States District Court for the District of Massachusetts for fraudulent conversion in an action entitled *Board of Trustees of the Public School Teachers' Pension Fund and Retirement Fund of Chicago v. Phillip Hyde*, Civ. Action No. 02-10926 (JLT). After the Fund moved for summary judgment, Hyde filed a

Chapter 7 bankruptcy petition captioned *In re Phillip W. Hyde*, Case No. 03-14530 (JNF) (Bankr. D. Mass. 2003).

During the pendency of Hyde's bankruptcy, the United States Attorney's Office for the District of Massachusetts initiated criminal proceedings against Hyde for mail fraud. Hyde, through his counsel, signed a plea agreement dated March 1, 2004 (the "Plea Agreement"). Pursuant to Section 6 of the Plea Agreement, Hyde agreed not to transfer any assets in which he had an interest without the U.S. Attorney's express written consent:

> Protection of Assets for Payment of Restitution, Forfeiture and Fine
> ***
> Hyde agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:
>
> (1) Assets subject to superior, secured interests of innocent third parties, in which Hyde has an equity interest of less than $5,000;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.
>
> This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

*See* Docket Entry No. 4 (emphasis added).

On May 12, 2004, Hyde pleaded guilty to one count of mail fraud and, on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release. In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Hyde is required to pay restitution in the amount of $317,678.68. Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United

2

States Attorney of any material change in the defendant's economic circumstances." *See* Docket Entry No. 12.

Although Hyde was scheduled to report to the United States Bureau of Prisons on July 5, 2005, two weeks prior to that date, he filed an emergency motion to postpone his reporting date in order to obtain medical treatment. The Court granted Hyde's motion and he was to report to the United States Bureau of Prisons on November 14, 2005. Shortly before the November 14, 2005 date, Hyde filed another emergency motion to again postpone his reporting date in order to obtain further medical treatment. The Court again granted Hyde's motion, though as of this date no new self-reporting date has been established.

On August 10, 2005, Hyde sold his home located at 26 Union Street, Cambridge, Massachusetts (the "Property") for $575,000. The Fund is unaware of any prior written consent given to Hyde by the U.S. Attorney's Office in connection with the sale of the Property, nor is the Fund aware of any communication from Hyde to this Court informing this Court of the sale of the Property. As part of Hyde's Bankruptcy case, he claimed a homestead exemption in the Property pursuant to Mass. Gen. L. ch. 188, § 1 *et seq*. Upon the sale of the Property, the Fund instituted an action on August 12, 2005 in Massachusetts Superior Court to restrain the transfer of the proceeds of the sale of the Property in an action entitled *The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago v. Phillip W. Hyde, Andrew Bram, and Bicknell & Smith, LLP*, MICV2005-02845 (the "Superior Court Action").

The Massachusetts Superior Court granted the Fund's motion for a preliminary injunction, and issued a summons and restraining order preventing the transfer of the sale proceeds, which currently remains in full force and effect. At present, Bicknell & Smith, which represented Hyde in the sale of the Property, is holding the remainder of the sale proceeds. Prior

to the sale, Hyde granted a $30,000 mortgage to Silverman & Kudish, P.C. (his former bankruptcy counsel), and an $8,000 mortgage to Donald C. Weitzman and Lloyd Lewis.  Upon the sale of the Property, Hyde satisfied these mortgages from the proceeds of the sale.  Again, the Fund is unaware that any notice was provided to either the U.S. Attorney's Office or this Court with respect to the granting or satisfaction of these mortgages.

  After the sale, Hyde also paid from the sale proceeds approximately $34,000 to satisfy obligations to other lawyers and to repay amounts he borrowed from a relative.  The Fund believes that none of these payments were permitted under the Plea Agreement.  Hyde's counsel also held $15,000 in escrow for the benefit of the buyers of the Property in order to secure Hyde's vacating the property by the end of August, 2005.  Hyde vacated the Property by the end of August, 2005, and the $15,000 has been retained by Bicknell & Smith, though it does not appear that Bicknell & Smith has amended its answer herein to include this $15,000 along with the additional $121,895 it is holding (collectively the "Remaining Proceeds").

  Hyde responded to the Fund's Superior Court Action by seeking a ruling from the Bankruptcy Court that the Remaining Proceeds are exempt under the Massachusetts Homestead Act, Mass. Gen. L. ch. 188, *et seq.*, from the reach of the Fund's efforts to collect on its non-dischargeable fraud judgment.  The Fund opposed that position in the Bankruptcy Court.  On September 26, 2005, the Honorable Joan M. Feeney of the United States Bankruptcy Court for the District of Massachusetts stated that she would take no action on Hyde's *Motion for Court Order, Confirming the Sale Proceeds of 26 Union Street, Cambridge, MA, as Exempt*, until such time as this Court determines whether to enforce its post-judgment garnishment order with respect to the Remaining Proceeds.

On November 2, 2005, this Court entered an order (the "Order") in which it determined that the Remaining Proceeds were unaffected by Hyde's homestead exemption, and that the United States could enforce the restitution order by garnishing the Remaining Proceeds. Thereafter, Hyde filed a notice of appeal of the Order on November 30, 2005, and has recently made two applications to this Court: (i) for instructions regarding the additional $15,000 held by Bicknell & Smith, and (ii) to stay the Order pending Hyde's appeal.

## ARGUMENT

### I. HYDE SHOULD NOT BE ALLOWED TO USE ANY OF THE PROCEEDS TO PAY HIS RECENT CLEANING, MOVING, STORAGE AND RENT EXPENSES

The joint motion for "instructions on writ of garnishment" is nothing more than an effort by Hyde to pick and choose which of his creditors he wishes to pay at the expense of the Fund. Indeed, the expenses Hyde seeks to pay from the Remaining Proceeds that are the subject of this Court's Order include cleaning, moving, storage and prepaid rent. Apparently, as part of the sale of the Property, Hyde agreed to hold $15,000 in escrow, to be used by the *buyers* of the Property to evict Hyde in the event he did not vacate the Property by the end of August, 2005. However, Hyde did timely vacate the Property, resulting in a release of the funds from escrow to Hyde.[1] The joint motion attempts to infer that the additional $15,000 was to be spent to help Hyde move from the Property[2], but Hyde's own pleading makes clear that (i) this money was to be used by the *buyers* to evict Hyde, if necessary, and (ii) eviction was not necessary because Hyde left in advance of the end of August.

Hyde has submitted no support (other than the unsworn observations of his current attorney) for the position that the $15,000 was "specifically set aside to pay for his cleaning,

---

[1] On information and belief, the $15,000 never left Bicknell & Smith's possession, and thus was not "released" by the buyers to Hyde.
[2] Apparently this also includes paying Hyde's current rent and storage expenses as well.

moving, storage and rent expenses." Nor is there a sworn statement by Hyde that these expenses remain. It seems unlikely that Hyde would be able to incur such charges for moving, storage and rent without making any payments in advance. However, as a practical matter, what Hyde is asking this Court to do is elevate the interests of the five vendors listed in the joint motion over the Fund. However, there is no logical or equitable reason to do so given that the Fund already has an order of restitution.[3]

Notwithstanding the order of restitution, Hyde seeks permission from this Court to pay all of the $15,000 to the five vendors listed in his joint motion. The bottom line is that the Fund has perfected its interest in the Remaining Proceeds (inclusive of the additional $15,000), and it should be paid what it is due in advance of other potential creditors. If it is not, Hyde will have found yet another way to diminish the Remaining Proceeds to the detriment of the Fund.

---

[3] Furthermore, the Massachusetts Superior Court has already entered an order enjoining the transfer of any of the Remaining Proceeds.

**CONCLUSION**

For the foregoing reasons, The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago respectfully requests that the Court enter an order (i) denying the joint motion to pay Hyde's vendors from the $15,000 that are a part of the Remaining Proceeds, and (ii) granting such other relief as the Court deems just and proper.

Dated: December 20, 2005                         Respectfully submitted,

                                          THE BOARD OF TRUSTEES OF THE PUBLIC
                                          SCHOOL TEACHERS' PENSION AND
                                          RETIREMENT FUND OF CHICAGO,

                                          By its attorneys,

                                          CRAIG AND MACAULEY
                                           PROFESSIONAL CORPORATION


                                          /s/ Joseph J. Koltun
                                          William R. Moorman, Jr. (BBO#548593)
                                          Joseph J. Koltun (BBO#641117)
                                          Craig and Macauley
                                           Professional Corporation
                                          Federal Reserve Plaza
                                          600 Atlantic Avenue
                                          Boston, Massachusetts  02210
                                          (617) 367-9500

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and accurate copy of the foregoing *Opposition to Joint Motion for Instructions on Writ of Garnishment*, to be served on the parties set forth below at the addresses indicated by first-class United States mail postage prepaid on December 20, 2005:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Dated: December 20, 2005          /s/ Joseph J. Koltun
                                  Joseph J. Koltun