UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Docket No. |
| | ) 04-10074-JLT |
| PHILLIP HYDE, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| BICKNELL & SMITH, | ) |
| | ) |
| Garnishee | ) |
| | ) |

**OPPOSITION TO MOTION OF PHILLIP HYDE TO STAY THIS
COURT'S NOVEMBER 2, 2005 ORDER, PENDING APPEAL**

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund
of Chicago (the "Fund"), hereby opposes defendant Phillip Hyde's ("Hyde") motion for a
stay of this Court's November 2, 2005 Order, pending appeal.  As grounds for this
opposition, the Fund respectfully submits as follows:

**BACKGROUND**

The Fund is the victim of a lengthy fraud perpetrated by Hyde, in which he cashed his
mother's pension checks issued by the Fund for some 18 years after her death.  The Fund finally
caught on to Hyde's scheme and sued him on May 21, 2002 in the United States District Court
for the District of Massachusetts for fraudulent conversion in an action entitled *Board of Trustees
of the Public School Teachers' Pension Fund and Retirement Fund of Chicago v. Phillip Hyde*,
Civ. Action No. 02-10926 (JLT).  After the Fund moved for summary judgment, Hyde filed a

Chapter 7 bankruptcy petition captioned *In re Phillip W. Hyde*, Case No. 03-14530 (JNF) (Bankr. D. Mass. 2003).

During the pendency of Hyde's bankruptcy, the United States Attorney's Office for the District of Massachusetts initiated criminal proceedings against Hyde for mail fraud. Hyde, through his counsel, signed a plea agreement dated March 1, 2004 (the "Plea Agreement"). Pursuant to Section 6 of the Plea Agreement, Hyde agreed not to transfer any assets in which he had an interest without the U.S. Attorney's express written consent:

> Protection of Assets for Payment of Restitution, Forfeiture and Fine
>
> ***
>
> Hyde agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:
>
> (1) Assets subject to superior, secured interests of innocent third parties, in which Hyde has an equity interest of less than $5,000;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.
>
> This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

*See* Docket Entry No. 4 (emphasis added).

On May 12, 2004, Hyde pleaded guilty to one count of mail fraud and, on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release. In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Hyde is required to pay restitution in the amount of $317,678.68. Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United

States Attorney of any material change in the defendant's economic circumstances." *See* Docket Entry No. 12.

Although Hyde was scheduled to report to the United States Bureau of Prisons on July 5, 2005, two weeks prior to that date, he filed an emergency motion to postpone his reporting date in order to obtain medical treatment. The Court granted Hyde's motion and he was to report to the United States Bureau of Prisons on November 14, 2005. Shortly before the November 14, 2005 date, Hyde filed another emergency motion to again postpone his reporting date in order to obtain further medical treatment. The Court again granted Hyde's motion, though as of this date no new self-reporting date has been established.

On August 10, 2005, Hyde sold his home located at 26 Union Street, Cambridge, Massachusetts (the "Property") for $575,000. The Fund is unaware of any prior written consent given to Hyde by the U.S. Attorney's Office in connection with the sale of the Property, nor is the Fund aware of any communication from Hyde to this Court informing this Court of the sale of the Property. As part of Hyde's Bankruptcy case, he claimed a homestead exemption in the Property pursuant to Mass. Gen. L. ch. 188, § 1 *et seq*. Upon the sale of the Property, the Fund instituted an action on August 12, 2005 in Massachusetts Superior Court to restrain the transfer of the proceeds of the sale of the Property in an action entitled *The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago v. Phillip W. Hyde, Andrew Bram, and Bicknell & Smith, LLP*, MICV2005-02845 (the "Superior Court Action").

The Massachusetts Superior Court granted the Fund's motion for a preliminary injunction, and issued a summons and restraining order preventing the transfer of the sale proceeds, which currently remains in full force and effect. At present, Bicknell & Smith, which represented Hyde in the sale of the Property, is holding the remainder of the sale proceeds. Prior

to the sale, Hyde granted a $30,000 mortgage to Silverman & Kudish, P.C. (his former bankruptcy counsel), and an $8,000 mortgage to Donald C. Weitzman and Lloyd Lewis. Upon the sale of the Property, Hyde satisfied these mortgages from the proceeds of the sale. Again, the Fund is unaware that any notice was provided to either the U.S. Attorney's Office or this Court with respect to the granting or satisfaction of these mortgages.

After the sale, Hyde also paid from the sale proceeds approximately $34,000 to satisfy obligations to other lawyers and to repay amounts he borrowed from a relative. The Fund believes that none of these payments were permitted under the Plea Agreement. Hyde's counsel also held $15,000 in escrow for the benefit of the buyers of the Property in order to secure Hyde's vacating the property by the end of August, 2005. Hyde vacated the Property by the end of August, 2005, and the $15,000 has been retained by Bicknell & Smith, though it does not appear that Bicknell & Smith has amended its answer herein to include this $15,000 along with the additional $121,895 it is holding (collectively the "Remaining Proceeds").

Hyde responded to the Fund's Superior Court Action by seeking a ruling from the Bankruptcy Court that the Remaining Proceeds are exempt under the Massachusetts Homestead Act, Mass. Gen. L. ch. 188, *et seq.*, from the reach of the Fund's efforts to collect on its non-dischargeable fraud judgment. The Fund opposed that position in the Bankruptcy Court. On September 26, 2005, the Honorable Joan M. Feeney of the United States Bankruptcy Court for the District of Massachusetts stated that she would take no action on Hyde's *Motion for Court Order, Confirming the Sale Proceeds of 26 Union Street, Cambridge, MA, as Exempt*, until such time as this Court determines whether to enforce its post-judgment garnishment order with respect to the Remaining Proceeds.

4

On November 2, 2005, this Court entered an order (the "Order") in which it determined that the Remaining Proceeds were unaffected by Hyde's homestead exemption, and that the United States could enforce the restitution order by garnishing the Remaining Proceeds. Thereafter, Hyde filed a notice of appeal of the Order on November 30, 2005, and has recently made two applications to this Court: (i) for instructions regarding the additional $15,000 held by Bicknell & Smith, and (ii) to stay the Order pending Hyde's appeal.

## ARGUMENT

## I.    HYDE'S MOTION FOR A STAY PENDING APPEAL SHOULD BE DENIED

In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the Supreme Court set forth the relevant factors to be considered when deciding a motion for a stay pending appeal;

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id. See also Pye v. Excel Case Ready,* 2000 U.S. Dist. Lexis 20988, *2-3 (D. Mass 2000) (stay pending appeal denied where appellant failed to demonstrate likelihood of success on the merits, irreparable injury absent a stay, and that a stay would be in the public interest); *Cantebury Liquors & Pantry v. Sullivan*, 999 F.Supp. 144, 149 (D. Mass. 1998) (stay pending appeal denied where neither irreparable harm, nor substantial injury existed).

In this case, Hyde has not demonstrated a likelihood of success on the merits, nor has he even argued the remaining three prerequisites necessary to obtain a stay.  With respect to Hyde's "likelihood of success on the merits," Hyde's central argument is that the claim of the Fund arose "more than 20 years ago, and clearly prior to the Defendant's bankruptcy petition."  This ignores

the fact that the restitution order was entered almost two years <u>after</u> Hyde filed for bankruptcy protection.

However, even if the Court were to find that the restitution order is somehow a pre-petition claim, several other bases exist for denying Hyde's appeal.  Hyde has completely ignored the provisions of the Mandatory Victims Rights Act of 1996, 18 U.S.C. § 3613, which states in relevant part that ***notwithstanding any other Federal law***, and subject to exceptions not applicable in this case, an order of restitution may be enforced against any property rights of a defendant:

> (a)  The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  <u>Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined</u>, except that—

>> (1)  property exempt from levy for taxes pursuant to section 6334 (a)(1), (2), (3), (4), (5), (6), (7), (8), 10, and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of judgment under Federal law;

>> (2)  section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law or State law; and

>> (3)  the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

> ***

> (f)  Applicability to order of restitution.—In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a) and (f) (emphasis added).

None of the three subsections provide any relief to Hyde.  First, subsection (a)(1) of § 3613 states that certain property that is exempt from levy of taxes pursuant to 26 U.S.C. § 6334 is also exempt under the § 3613.  However, none of the sections set forth in 26 U.S.C. § 6334 cover the

proceeds of a sale of a home.[1]  Accordingly, that exception to the government's ability to enforce a

restitution order against a defendant's property is unavailable to Hyde.

Second, subsection (a)(2) of § 3613 states that the exemptions that would normally be

available to debtors under 28 U.S.C. § 3014 are not available with respect to the enforcement of

restitution orders in criminal cases.  Although 28 U.S.C. § 3014 typically authorizes debtors to

exempt property as is authorized under either Federal or State law, subsection (a)(2) of § 3613

expressly provides that these exemptions are unavailable to a criminal defendant that has been

ordered to pay restitution.  In *United States v. Rice*, 196 F. Supp.2d 1196 (N.D.Okla. 2002), the

court held that subsection (a)(2) of § 3613 evidenced the intent of Congress to restrict exemptions

normally available to debtors in the context of a criminal case:

> The fact that Congress specifically stated that the FDCPA's exemptions are
> not available to debtors owing criminal fines is further evidence that Congress
> did not intend pension benefits to be exempt from execution under § 3613.

196 F. Supp.2d at 1199.  Thus, any exemptions which Hyde may have been entitled to in the

Bankruptcy Court *vis a vis* his creditors are inapplicable to the restitution order issued by this

Court.

Finally, subsection (a)(3) of § 3613 deals with the garnishment of wages, an issue clearly

not applicable in this case given that (i) the Remaining Proceeds result from the sale of Hyde's

home, and (ii) the funds already passed to Hyde's possession.  *See United States v. Armstrong*,

2005 Dist. Lexis 6844 (N.D. Tex. 2005) ("payments that would otherwise constitute earnings

lose their status as earnings once they pass to the hands or bank accounts of the debtor").

---

[1] The following are exempt from levy by virtue of 26 U.S.C. § 6334 (a): (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession, (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) minimum exemption for wages, salary, and other income; (10) certain service connected disability payments; (11) certain public assistance payments; and (12) assistance under Job Training Partnership Act.

In *United States v. Lampien*, 89 F.3d 1316 (7th Cir. 1996), an individual was convicted of embezzling funds, sentenced to two years in prison, and ordered to pay restitution to her victim. When the District Court ordered the defendant to sell her home to satisfy her restitution obligations, the defendant attempted to exempt $40,000 on account of the Wisconsin homestead exemption, which exempted proceeds of a sale up to $40,000 (unlike the Massachusetts statute which is silent as to whether proceeds of a voluntary sale are exempt). The government contended that the defendant's claimed homestead exemption was preempted by Federal law, and the District Court and Seventh Circuit agreed:

> A state law that exempts any property belonging to a defendant from execution to satisfy a restitution order is in conflict with the enforcement provisions of the federal statute and would thwart the essential objective of that statute, namely, to provide restitution to the fullest extent possible for losses that were sustained by the victim and were the direct result of the defendant's crime. Thus, if the Wisconsin homestead exemption applies to shield Lampien's home from the government's lien, or to prevent any part of the proceeds from the sale of her home from being used to satisfy her restitution obligation, the homestead exemption is void under the Supremacy Clause.

89 F.3d at 1321.

Accordingly, notwithstanding Hyde's argument that the restitution claim arose pre-petition, the U.S. Attorney is not precluded from garnishing these funds to partially satisfy Hyde's criminal restitution obligation.

Hyde's claim of exemption also fails because 11 U.SC. § 522 – the section of the Bankruptcy Code relied upon by Hyde in support of his appeal – does not protect exempt property from debts secured by a tax lien:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(2) a debt that is secured by a lien that is—

(B) a tax lien, notice of which is properly filed.

11 U.SC. § 522(c)(2)(B).  Pursuant to 18 U.S.C. § 3613 (c), a restitution order is to be treated as a

tax lien:

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of
> this title, or an order of restitution made pursuant to sections 2248, 2259,
> 2264, 3663, 3663A or 3664 of this title, is a lien in favor of the United States
> on all property and rights to property of the person fined as if the liability of
> the person fined were a liability for a tax assessed under the Internal Revenue
> Code of 1986.  The lien arises on the entry of judgment and continues for 20
> years or until the liability is satisfied, remitted, set aside or is terminated under
> subsection (b).

18 U.S.C. § 3613 (c).

In a similar context, Courts have held that that the pension benefits of a criminal

defendant were not entitled to the protections of the Employee Retirement Income Security Act

("ERISA").  In *United States v. James*, 312 F.Supp.2d 802 (E.D.Va. 2004), the government

sought to satisfy an order of restitution from the defendant's pension benefits.  The defendant

argued that ERISA prohibited the assignment or alienation of his pension proceeds.  The District

Court held that 18 U.S.C. § 3613 (c) trumped the provisions of ERISA:

> [T]he Supreme Court specifically admonished that "if exceptions to this
> policy are to be made, it is for Congress to undertake that task."
>
> It appears that precisely this has occurred; Congress in passing the Mandatory
> Victim Restitution Act of 1996 ("MVRA") has created just such an exception.
> In seeking a Writ of Continuing Garnishment, the government is proceeding
> under the MVRA, specifically 18 U.S.C. § 3613(a), which operates as a
> congressionally-created exception to the anti-alienation provision in 29
> U.S.C. § 1056(d).
>
>                                             ***
>
> The language of § 3613(a) thus makes clear that the government may enforce
> a criminal fine or restitution order against all of a defendant's property
> "except that which would be exempt from a levy for the payment of federal
> income taxes."  Because defendant's interest in an ERISA qualified plan does
> not fit within any of the exceptions listed in § 3613(a), it follows that ERISA

is no bar to garnishment of a qualified pension plan to collect a criminal restitution order.

312 F.Supp.2d at 805 (internal citations omitted).  *See also United States v. Tyson*, 265 F.Supp.2d 788 (E.D. Mich. 2003) (restitution at issue to be treated as if it were a tax lien under 18 U.S.C. § 3613(c), therefore pension benefits not exempt).

Further, by its express terms, section 522(c) of the Bankruptcy Code only protects "property exempted" by the debtor in his bankruptcy case.  11 U.S.C. § 522(c).  In this case, Hyde exempted only his homestead right in the Property.  He did not exempt the proceeds that might later be derived from a voluntary sale of the Property.  Had Congress intended that the protections of section 522(c) be extended to proceeds of exempt property, it easily could have done so, as evidenced by its inclusion in such provisions as 11 U.S.C §§ 363(a) (cash collateral includes proceeds), 541(a)(b) (property of estate includes proceeds), 543 (turnover by custodian), and 552 (postpetition effect of security interest).  That  Congress chose not to include proceeds of exempt property within the protection of section 552(c) is evidence of its intent not to do so.  Since section 522(c) provides no protection to Hyde for the proceeds derived from his voluntary sale of the Property, the Fund is free to pursue the proceeds in satisfaction of its non-dischargeable fraud judgment.

Hyde's claim that *Lowe v. Yochem (In re Reed)*, 184 B.R. 733 (Bankr. W.D. Tex. 1995), mandates that property exempted under 11 U.S.C. § 522(c) is not liable for any debt that arose prior to the commencement of the case, represents his fundamental misunderstanding of that case.  In *Reed*, the court noted that exempt assets that are "transformed" postpetition do not return to the estate.  However, noticeably absent from Hyde's analysis of *Reed* is footnote 7 of that decision, which states:

> It is important to note that the court is <u>not</u> holding that the proceeds of the disposition of exempt property are therefore also "exempt ."  When a debtor claims exemptions under state law, only state law controls whether

> a given property is "exempt." Our holding is only that, under bankruptcy
> law, if a given property owned by the Debtor as of the filing is deemed to
> be exempt, the property is removed from the estate.  It is no longer
> property of the estate.  <u>The conversion of that property into some other
> form which, under applicable law, would not be exempt will not restore the
> property to the estate, but that is not the same as saying the property as
> transmogrified is still exempt</u>.

*Reed,* 184 B .R. at 738 (emphasis added).  Accordingly, the *Reed* court recognized that there are

two distinct analyses: (i) when property is deemed outside of the estate, and (ii) whether

exempted property that is turned into some other form of property is subject to claims of

creditors.  There is no provision of Massachusetts law that protects the proceeds derived from a

voluntary sale of homestead property.

Finally, even if the Court were to find that Hyde has established that he may have a

likelihood of success on the merits, his motion for a stay pending appeal simply does not address

any of the other elements necessary to obtain a stay.  First, there is no threat of irreparable harm

to Hyde if the proceeds of the sale are transferred to the Fund, given that the Fund has the ability

to repay the proceeds if, at some future date, this Court's order is reversed.  Second, the issuance

of a stay will injure the Fund insofar as it will extend the already lengthy period of time the Fund

has had to wait to receive money that was stolen from it over the course of the last twenty years.

Conversely, if the money is transferred to the Fund, no injury will inure to Hyde given that he is

already enjoined from obtaining the Remaining Proceeds.  Finally, under no stretch of the

imagination does the public interest lie with allowing Hyde to retain the Remaining Proceeds of

the sale.  Rather, the public interest lies in favor of payment of the Remaining Proceeds to the

Fund, the victim of Hyde's criminal acts.

Accordingly, Hyde motion for a stay of this Court's November 2, 2005 order pending

appeal should be denied.

## **CONCLUSION**

For the foregoing reasons, The Board of Trustees of the Public School Teachers'

Pension and Retirement Fund of Chicago respectfully requests that this Court enter an order

(i) denying Phillip Hyde's motion for a stay pending appeal, and (ii) granting such other

relief as the Court deems just and proper.

Dated: December 20, 2005                    Respectfully submitted,

                                            THE BOARD OF TRUSTEES OF THE PUBLIC
                                            SCHOOL TEACHERS' PENSION AND
                                            RETIREMENT FUND OF CHICAGO,

                                            By its attorneys,

                                            CRAIG AND MACAULEY
                                             PROFESSIONAL CORPORATION


                                            /s/ Joseph J. Koltun
                                            William R. Moorman, Jr. (BBO#548593)
                                            Joseph J. Koltun (BBO#641117)
                                            Craig and Macauley
                                             Professional Corporation
                                            Federal Reserve Plaza
                                            600 Atlantic Avenue
                                            Boston, Massachusetts  02210
                                            (617) 367-9500

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and accurate copy of the foregoing

*Opposition to Motion of Phillip Hyde to Stay This Court's November 2, 2005 Order, Pending*

*Appeal*, to be served on the parties set forth below at the addresses indicated by first-class United

States mail postage prepaid on December 20, 2005:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated: December 20, 2005                      /s/ Joseph J. Koltun_____
                                              Joseph J. Koltun