UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
UNITED STATES OF AMERICA,      )
             Plaintiff,        )
                               )
        v.                     )
                               )
PHILLIP HYDE,                  )      Criminal Docket No.
             Defendant,        )      04-10074-JLT
                               )
BICKNELL & SMITH,              )
             Garnishee.        )
_____)
```

**UNITED STATES OF AMERICA'S OPPOSITION TO THE DEFENDANT AND
GARNISHEE'S JOINT MOTION FOR INSTRUCTIONS ON WRIT OF GARNISHMENT
AND THE DEFENDANT'S MOTION TO STAY COURT ORDER OF GARNISHMENT**

The United States of America hereby opposes the defendant
and garnishee's joint motion for instructions on the writ of
garnishment and the defendant's motion to stay the Court Order
pending appeal.

**BACKGROUND INFORMATION**

On or about May 6, 2004, the defendant entered into a Plea
Agreement with the United States Attorney's Office.  Docket Entry
#4.  On May 12, 2004, the defendant plead guilty to one count of
mail fraud, 18 U.S.C. § 1341, for his action of defrauding the
Chicago Public School Teacher's Pension Fund out of $317,678.68
by continuing to accept pension fund checks on behalf of his
mother for over twenty years after her death.  Unnumbered Docket
Entry following #4.

On May 10, 2005, this Court imposed a criminal judgment
against the defendant.  Docket Entry #12.  As part of the

sentence imposed by this Court, the defendant was ordered to pay criminal restitution in the amount of $317,678.68 to the Chicago Public School Teacher's Pension Fund through the Clerk of the United States District Court.  Id. at 5.  As of the date of filing this memorandum, the defendant has made no payments towards his outstanding restitution.

Back in May of 2003, the defendant filed for relief under Chapter 7 of the Bankruptcy Code.[1]  As a result, in May of 2005, the Financial Litigation Unit for the U.S. Attorney's Office ("FLU") was unable to file a lien against the defendant's home at 26 Union Street, Cambridge, Massachusetts to secure the payment of the defendant's outstanding restitution because of the potential for violating the automatic stay.

On or about August 10, 2005, the defendant sold his home at 26 Union Street, Cambridge, Massachusetts.[2]  On or about August 17, 2005, in an effort to prevent the Chicago Public School Teacher's Pension Fund from getting the sale proceeds, the defendant filed a motion with the Bankruptcy Court requesting an

---

[1]  United States Bankruptcy Court for the District of Massachusetts, Docket No. 03-14530-JNF.

[2]  Pursuant to the Plea Agreement entered into between the defendant and the United States Attorney's Office, the defendant agreed ". . . not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney. . ."  Docket Entry #4, p. 4, ¶6.  At no point did the United States Attorney's Office authorize the sale of the defendant's one significant asset, his Cambridge home.

order determining that the sale proceeds from the property are exempt under the Massachusetts Homestead Exemption. The Bankruptcy Court has not yet rendered an opinion.

On August 15, 2005, the FLU filed an application for writ of garnishment with the United States District Court for the District of Massachusetts. Docket Entry #15.

On August 18, 2005, this Court issued the writ of garnishment.[3] Docket Entry #18.

On August 19, 2005, the United States certified that it had served the writ of garnishment on the garnishee and the defendant. Docket Entry #16.

On August 31, 2005, the garnishee filed its answer stating that it was holding $121,895 from the sale of the defendant's home at 26 Union Street, Cambridge, Massachusetts, on behalf of the defendant.[4] Docket Entry #20.

On September 13, 2005, the defendant filed a notice of claim for exemption in which the defendant claimed that the sale proceeds are exempt from collection by the United States

---

[3] The second paragraph of the Writ of Garnishment states: "You are required by law to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control or possession, any property owned by the debtor, including non-exempt, disposable earnings."

[4] The garnishee did not notify the Court in its answer that it was holding an additional $15,000 in escrow to be paid to the defendant. See "Joint Motion of Defendant, Phillip Hyde, and Garnishee, Bicknell & Smith, For Instructions on Writ of Garnishment," Docket Entry #30, p. 2.

Attorney's Office for restitution purposes under the Massachusetts Homestead Exemption.  Docket Entry #21.

On September 22, 2005, the United States submitted a memorandum in support the garnishment.  Docket Entry #22.

On that same date, the defendant filed an objection to the writ of garnishment.  Docket Entry #23.

On September 30, 2005, the United States filed a status report regarding the defendant's bankruptcy filing.  Docket Entry #24.

On October 24, 2005, the defendant filed a motion for hearing.

On November 2, 2005, the Court issued an Order allowing for the enforcement of the criminal restitution by the United States through the garnishment of the proceeds from the sale of the defendant's residence.[5]  Docket Entry # 26.  On that same date, the Court denied the defendant's motion for hearing as moot.

On December 12, 2005, over one month after this Court's Order, the garnishee and the defendant filed a joint motion for instructions on the writ of garnishment.  Docket Entry #30.

On December 13, 2005, the defendant filed a motion for stay of this Court's previously issued Order allowing for the enforcement of the criminal restitution by the United States

---

[5]  Despite this Court's Order, the garnishee has refused to turn over the garnished funds.

4

through the garnishment of the proceeds from the sale of the defendant's residence.  Docket Entry #31.

**ARGUMENT**

**I.  Pursuant to this Court's Order, the garnishee is instructed to turn over the proceeds from the sale of the defendant's residence.**

This Court's Order dated November 2, 2005, states in part "The United States may enforce the restitution order by garnishing the proceeds from the sale of the Debtor's residence." Docket Entry #26.  The garnishee identified $121,895.00 in its answer to the writ of garnishment.  Docket Entry #20.  At some point after the sale, the victims became aware of an additional $15,000 that was not mentioned in the garnishee's sworn answer. Docket Entry #20.  Apparently, the defendant sold his home on August 10, 2005, however, the defendant was required to vacate the property until August 30, 2005.  Docket Entry #30, p. 2.  In order to ensure that the defendant vacated the premises on August 30 and did not damage the property during the period between the date of sale and the date of vacating the premises, the garnishee withheld $15,000 from the sale proceeds and put said money into an escrow account.  Id.  The defendant claims that only $121,895.00 from the sale is subject to this Court's Order and that the additional $15,000 withheld by the garnishee should be paid over to the vendors who cleaned the house and removed the defendant's belongings.  Id.

5

It is the position of the United States that the $15,000 of the sale proceeds withheld by the garnishee to ensure that the defendant vacated the premises as required by the sale are just that - sale proceeds.  The allegation that certain bills have to be paid to cover the costs of cleaning, moving, and storage expenses is something that has to be worked out between the vendors and whoever authorized that this work be completed.  This Court's Order is clear, "[t]he United States may enforce the restitution order by garnishing the proceeds from the sale of the Debtor's residence."  Docket Entry #26.

Accordingly, the garnishee should pay over the entire amount of the sale proceeds which include both the $121,895 identified in the garnishee's answer and the $15,000 withheld by the garnishee from the sale proceeds to ensure that the defendant vacated the premises on the required date.

## II.  The defendant's motion to stay the Court's Order pending the defendant's appeal should be denied.

In <u>Hilton v. Braunskill</u>, 481 U.S. 770 (1987), the Supreme Court set forth the relevant factors to be considered when deciding a motion for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

<u>Id.</u> at 776.

6

**(1)   The defendant has not made a strong showing that he is likely to succeed on the merits.**

The defendant claims that these proceeds are exempt pursuant to the Massachusetts Homestead Exemption, M.G.L. c. 188.  Docket Entry #21.  It his questionable that the sale proceeds from a voluntary sale of a home are protected by the Massachusetts Homestead Exemption,[6] however, even if the sale proceeds are covered by the Massachusetts Homestead Exemption, the sale proceeds are not exempt under 18 U.S.C. § 3613.

Section 3613(a) of Title 18, part of the Mandatory Victims Rights Act ("MVRA") of 1996, states the following:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[7]

---

[6]   See In re Webber, 278 B.R. 294, 297 (Bankr. D. Mass 2002)("An estate of homestead . . . may be terminated during the lifetime of the owner by . . . (1) a deed conveying the property in which an estate of homestead exists. . .").

[7]   These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; certain annuity and pension payments; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

Section 3613(c) of Title 18, part of the Mandatory Victims Rights Act ("MVRA") of 1996, states the following:

A fine imposed pursuant to the provisions of subchapter C of Chapter 227 of this title, or an order of restitution made pursuant to section 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under section (b).

Section (f) of 18 U.S.C. § 3613 provides, "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United states for the enforcement of an order of restitution."

Accordingly, a criminal judgment which orders the payment of a fine or restitution is to be treated as a federal tax lien. See United States v. Laws, 352 F.Supp.2d 707, 710 (E.D.Va 2004)(An order of restitution may be enforced against all property or rights to property of the individual subject to the restitution order, except for property exempt from tax levy.);

---

Job Training Partnership Act. 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

United States v. James, 312 F.Supp.2d 802, 805 (E.D.Va 2004)(MVRA
creates an exception to the anti-alienation provision for fines
and restitution orders which are to be treated as liens on the
defendant's property equivalent to the liability for delinquent
taxes assessed under the Internal Revenue Code.); United States
v. Tyson, 242 F.Supp.2d 469, 473 (E.D.Mich. 2003)("[A]n order of
restitution is the functional equivalent of, and to be treated
precisely as, a tax liability."); United States v. Rice, 196
F.Supp.2d 1196, 1199 (N.D.Ok 2002)("Thus, for purposes of
enforcement, a criminal fine is to be treated the same as a lien
for the payment of delinquent income taxes.").

Nowhere does 18 U.S.C. § 3613(a) provide for an exception
from collection of property rights protected by a state homestead
exemption law.  In fact, a state homestead exemption is
ineffective against a federal tax lien.  See Herndon v. United
States, 501 F.2d 1219, 1222 (8th Cir. 1974); United States v.
Heffron, 158 F.2d 657, 659 (9th Cir. 1947); and, Shambaugh v.
Scofield, 132 F.2d 345, 346 (5th Cir. 1942).

Accordingly, the defendant's claim that the proceeds from
the sale of his home are exempt from collection for the purposes
of a federal order of restitution pursuant to the Massachusetts
Homestead Exemption, M.G.L. c. 188, is without merit.

**(2)   The defendant will not be irreparably injured absent a
stay.**

If the Court disallows the defendant's motion to stay the

9

Court Order to pay over the proceeds from the sale of the
defendant's residence, the money will be paid over to the victims
of the defendant's criminal conduct.  While it is true that once
the sale proceeds are paid over to the victims, the defendant
will not be able to regain those funds.  The application of the
sale proceeds to the defendant's outstanding restitution will
lower the amount of restitution the defendant owes, thus,
benefitting both the victims and the defendant.

    **(3)  If the Court allows a stay, the stay will substantially
injure the other parties interested in the proceeding.**

If the Court allows the stay, this will further delay the
amount of time that the victims have to wait to recover the money
that was fraudulently taken from them over a twenty year period.

    **(4)  The public interest clearly lies with the enforcement
of restitution orders without further delay.**

The defendant has an outstanding order of restitution of
$317,678.68.  As of this date, he has made no payments towards
his outstanding restitution.  The only identified asset of the
defendant was his residence which he sold and is now desperately
attempting to keep the proceeds of that sale away from the
victims of his crime.  The proceeds from the sale of his
residence do not equal half of the amount of money the defendant
stole from the Chicago Teacher's Fund.  These funds will be used
to pay the pensions of retired teachers.  Clearly, it is in
public's interest to enforce restitution orders as quickly as

possible.  A stay of the order would delay the victims receipt of the amounts stolen from them by the defendant.

Accordingly the defendant's motion for stay should be denied.

## CONCLUSION

For the reasons stated above, the United States of America respectfully requests that this Court order the garnishee to pay over all of the proceeds from the sale of the defendant's residence including the $15,000 held in escrow and deny the defendants motion for stay.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated: December 22, 2005    /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day a true copy of the above document was served by first class mail, postage prepaid, upon the attorneys of record at the following addresses:

Leonard A. Frisoli, Esq.
For Phillip W. Hyde
Frisoli Associates, P.C.
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141

Andrew E. Bram, Esq.
Bicknell & Smith, LLP
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141

William R. Moorman, Jr., Esq.
Joseph J. Koltun, Esq.
Craig and Macauley
Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210


Dated: December 22, 2005        /S/ Christopher R. Donato
                               Christopher R. Donato
                               Assistant U.S. Attorney