UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILLIP HYDE,<br><br>    Defendant,<br><br>    and<br><br>BICKNELL & SMITH,<br><br>    Garnishee | Criminal Docket No.<br>04-10074-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT
MOTION FOR SANCTIONS, OR, IN THE ALTERNATIVE,
<u>TO COMPEL GARNISHEE TO TURN OVER FUNDS</u>**

Notwithstanding (i) this Court's November 2, 2005 Order authorizing the United States Attorney's Office to garnish funds (the "Proceeds") held by Garnishee Bicknell & Smith, LLP ("Bicknell & Smith") related to the sale of Defendant Philip Hyde's ("Hyde") residence, and (ii) the request of the United States Attorney's Office for turnover of the Proceeds, Bicknell & Smith has failed to do so. Accordingly, the United States of America (the "United States") and The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund") (collectively "Movants"), hereby jointly request that the Court enter an order (i) compelling Bicknell & Smith to immediately turn over all of the Proceeds to the Clerk's Office of the United States District Court, and (ii) awarding interest from the date of demand for the Proceeds, as well as the costs and attorneys' fees associated with making this motion.

## BACKGROUND

The Fund is the victim of a lengthy fraud perpetrated by Hyde, in which he cashed his mother's pension checks issued by the Fund for some 18 years after her death. The Fund finally caught on to Hyde's scheme and sued him on May 21, 2002 in the United States District Court for the District of Massachusetts for fraudulent conversion in an action entitled *Board of Trustees of the Public School Teachers' Pension Fund and Retirement Fund of Chicago v. Phillip Hyde*, Civ. Action No. 02-10926 (JLT). After the Fund moved for summary judgment, Hyde filed a Chapter 7 bankruptcy petition captioned *In re Phillip W. Hyde*, Case No. 03-14530 (JNF) (Bankr. D. Mass. 2003).

During the pendency of Hyde's bankruptcy, the United States initiated criminal proceedings against Hyde for mail fraud in *United States of America v. Philip Hyde*, Criminal Docket No. 04-10074 (JLT). Hyde, through his counsel, signed a plea agreement dated March 1, 2004 (the "Plea Agreement"). Pursuant to Section 6 of the Plea Agreement, Hyde agreed not to transfer any assets in which he had an interest without the U.S. Attorney's express written consent:

> Protection of Assets for Payment of Restitution, Forfeiture and Fine
> \*\*\*
> Hyde agrees not to transfer, or authorize the transfer of any other asset in which he has an interest <u>without prior express written consent of the U.S. Attorney</u>, except for:
>
> (1) Assets subject to superior, secured interests of innocent third parties, in which Hyde has an equity interest of less than $5,000;
>
> (2) Ordinary living expenses necessary to house, clothe, transport and feed Hyde and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (3) Attorney's fees incurred in connection with this criminal case.
>
> This prohibition shall be effective as of the date of Hyde's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

*See* Docket Entry No. 4 (*emphasis added*).

On May 12, 2004, Hyde pleaded guilty to one count of mail fraud and, on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release.  In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Hyde is required to pay restitution in the amount of $317,678.68.  Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances."  *See* Docket Entry No. 12.

Although Hyde was scheduled to report to the United States Bureau of Prisons on July 5, 2005, two weeks prior to that date, he filed an emergency motion to postpone his reporting date in order to obtain medical treatment.  The Court granted Hyde's motion and he was to report to the United States Bureau of Prisons on November 14, 2005.  Shortly before the November 14, 2005 date, Hyde filed another emergency motion to again postpone his reporting date in order to obtain further medical treatment.  The Court again granted Hyde's motion, though as of this date no new self-reporting date has been established.

On August 10, 2005, Hyde sold his home located at 26 Union Street, Cambridge, Massachusetts (the "Property") for $575,000.  At no time did the U.S. Attorney's Office authorize the sale of Hyde's residence.  *See* Docket Entry 37, p. 2, n. 2.  As part of Hyde's Bankruptcy case, he claimed a homestead exemption in the Property pursuant to Mass. Gen. L. ch. 188, § 1 *et seq*.  Upon the sale of the Property, the Fund instituted an action on August 12, 2005 in Massachusetts Superior Court to restrain the transfer of the proceeds of the sale of the Property in an action entitled *The Board of Trustees of the Public School Teachers' Pension and*

*Retirement Fund of Chicago v. Phillip W. Hyde, Andrew Bram, and Bicknell & Smith, LLP*, MICV2005-02845 (the "Superior Court Action").

The Massachusetts Superior Court granted the Fund's motion for a preliminary injunction, and issued a summons and restraining order preventing the transfer of the sale proceeds, which currently remains in full force and effect. At present, Bicknell & Smith, which represented Hyde in the sale of the Property, is holding the remainder of the sale proceeds. Prior to the sale, Hyde granted a $30,000 mortgage to Silverman & Kudish, P.C. (his former bankruptcy counsel), and an $8,000 mortgage to Donald C. Weitzman and Lloyd Lewis. Upon the sale of the Property, Hyde satisfied these mortgages from the proceeds of the sale. Again, no prior notice was provided to either the U.S. Attorney's Office or this Court with respect to the granting or satisfaction of these mortgages.

After the sale, Hyde also paid from the sale proceeds approximately $34,000 to satisfy obligations to other lawyers and to repay amounts he borrowed from a relative. None of these payments were permitted under the Plea Agreement. In addition, Bicknell & Smith also held $15,000 in escrow for the benefit of the buyers of the Property in order to secure Hyde's vacating the Property by the end of August, 2005. Hyde vacated the Property by the end of August, 2005, and the $15,000 has been retained by Bicknell & Smith.

Hyde responded to the Fund's Superior Court Action by seeking a ruling from the Bankruptcy Court that the Proceeds are exempt under the Massachusetts Homestead Act, Mass. Gen. L. ch. 188, *et seq.*, from the reach of the Fund's efforts to collect on its non-dischargeable fraud judgment. The Fund opposed that position in the Bankruptcy Court. On September 26, 2005, the Honorable Joan M. Feeney of the United States Bankruptcy Court for the District of Massachusetts stated that she would take no action on Hyde's *Motion for Court Order,*

*Confirming the Sale Proceeds of 26 Union Street, Cambridge, MA, as Exempt*, until such time as this Court determined whether to enforce its post-judgment restitution order with respect to the Proceeds.

In addition, the United States obtained a Writ of Garnishment from this Court on August 18, 2005 (the "Writ") directing Bicknell & Smith to answer the Writ within ten days and identify and hold all property of Hyde in its possession. A copy of the Writ is attached hereto as Exhibit "A" (*see also* Docket Entry 18). In response to the Writ, Bicknell & Smith filed an Answer on August 31, 2005. A copy of Bicknell & Smith's Answer is attached hereto as Exhibit "B" (*see also* Docket Entry 20). The Answer disclosed that Bicknell & Smith held $121,895 on behalf of Hyde. Notably, Bicknell & Smith has not amended its Answer to include an additional $15,000 it is holding on behalf of Hyde. On September 13, 2005, Hyde filed a Claim for Exemption in this Court, in which he asserted an exemption in the Proceeds. A copy of Hyde's Claim of Exemption is attached hereto as Exhibit "C" (*see also* Docket Entry 21).

On November 2, 2005, this Court entered an order (the "Order") in which it determined that the Proceeds were unaffected by Hyde's homestead exemption, and that the United States could enforce the restitution order by garnishing the Proceeds. A copy of the Order is attached hereto as Exhibit "D" (*see also* Docket Entry 26). Thereafter, Hyde filed a notice of appeal of the Order on November 30, 2005, and then made two applications to this Court: (i) for instructions regarding the additional $15,000 held by Bicknell & Smith (*see* Docket Entry No. 30), and (ii) to stay the Order pending Hyde's appeal (*see* Docket Entry No. 31). Both of Hyde's applications have been opposed by the Fund and the United States. *See* Docket Entry Nos. 34, 35, and 37. In addition, the Fund moved for leave to intervene in this action, or, in the

alternative to be heard in this matter. *See* Docket Entry No. 33. No opposition has been filed in response to the Fund's motion.

On December 2, 2005, the United States wrote to Bicknell & Smith and requested that the Proceeds be turned over pursuant to the Court's November 2, 2005 order and the Writ of Garnishment issued by the Court on August 18, 2005. A copy of the letter requesting the turn-over of the Proceeds is attached hereto as Exhibit "E." Bicknell & Smith failed to respond to the United States' December 2, 2005 letter. However, Hyde's current counsel responded on December 6, 2005 and claimed that this Court had not decided the very issue raised and dealt with in the November 2, 2005 order:

> At this time there is no motion which has been filed compelling the garnishee to deliver the funds to the DOJ. Additionally, the Order is only to Judge Feeney's question out of the Bankruptcy Court. <u>It does not appear that Judge Tauro has ruled on my claim for exemptions and request for hearing.</u> Lastly, there is an appeal of Judge Tauro's order.

*Emphasis added*. A copy of the December 6, 2005 letter is attached hereto as Exhibit "F".[1]

On January 6, 2006, the Fund wrote to Andrew Bram of Bicknell & Smith, requesting that the Proceeds be turned over to the Government. A copy of the Fund's January 6, 2006 letter is attached hereto as Exhibit "G." In its letter, the Fund stated that if Bicknell & Smith failed to turn over the Proceeds, the Fund would seek sanctions for Bicknell & Smith's failure to turn over the Proceeds, together with interest, attorneys' fees and costs associated with making such a motion. Bicknell & Smith failed to respond to the Fund's January 6, 2006 letter. Instead, Hyde's counsel in this matter responded on January 10, 2006, by stating that the Proceeds would not be turned over to the Government. A copy of Hyde's counsel's January 10, 2006 letter is attached as Exhibit "H." Notably, although Hyde previously requested the use of the additional

---

[1] The Fund never received a copy of this letter until January 13, 2006, when the United States sent it a copy. In addition, nowhere in Hyde's "Claim for Exemption" does he request a hearing before this Court (*see* Ex. C).

$15,000 of the funds held by Bicknell & Smith to pay the vendors that helped him vacate his residence, he now apparently also wishes to pay his current attorneys' fees from money that he stole from the Fund.  *See* Ex. H.

## ARGUMENT

A.   **SANCTIONS ARE WARRANTED AGAINST BICKNELL & SMITH FOR ITS WILFULL REFUSAL TO TURN OVER THE PROCEEDS TO THE UNITED STATES**

Article III courts are imbued with an array of "inherent powers" in performing their case-management function, powers not specifically enumerated yet "necessary to the exercise of all other[][enumerated judicial powers." *United States v. Horn*, 29 F.3d 754, 759 (1st Cir. 1994) *superseded on other grounds*, *citing United States v. Hudson*, 11 U.S. (7 Cranch) 32, 24 (1812). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991), *quoting Anderson v. Dunn*, 19 U.S. 204, 227 (1821) ("Courts of justice are universally acknowledged to be vested, by their very creation with power to impose silence, respect, and decorum in their presence and submission to their lawful mandates").  These implicit powers include the judicial authority to impose sanctions for litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of the proceedings.  *United States v. Perez*, 187 F.3d 1, 7 (1st Cir. 1998).

Here, sanctions against Bicknell & Smith are warranted given its refusal to turn over the Proceeds, notwithstanding this Court's November 2, 2005 order and the United States' demand that the Proceeds be turned over to it.  Instead, counsel has embarked on a campaign of delay by refusing to turn over the Proceeds and forcing the United States and the Fund to make this motion when it is quite clear that the Proceeds are subject to garnishment and should have been turned over several months ago.  Despite the prior representation by Hyde's counsel in this matter that if the U.S. Attorney made demand for the Proceeds, the Proceeds would be turned

7

over, Bicknell & Smith has now done an about face and refused to honor that statement. It is clear that Hyde's mantra in this action is 'delay, delay, delay,' and to impose as much expense as possible on the Fund, precisely the evils the Court's inherent authority were meant to combat.

While Bicknell & Smith will undoubtedly argue that the motion for a stay pending appeal excuses its failure to turn over the Proceeds, it is well settled that a court ordered obligation is not negated by filing an appeal or a motion for a stay pending appeal. *See Island Creek Coal Sales v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985) (pendancy of appeal does not deprive the district court of jurisdiction to enforce its order through civil contempt proceedings); Moore's Federal Practice 3d, § 308.10 (prevailing party may engage in conduct sought to be restrained unless stay or injunction pending appeal is obtained).

Accordingly, under the Court's inherent authority, Bicknell & Smith should be sanctioned by (i) requiring that the Proceeds be turned over to the Clerk's Office of the United States District Court immediately, and (ii) providing payment for all attorneys fees and costs incurred with respect to making this motion, as well as interest from the date demand was made for the Proceeds to be turned over to the Government.

**B.    IN THE ALTERNATIVE, THE COURT SHOULD ISSUE AN
ORDER COMPELLING BICKNELL & SMITH TO TURN
<u>OVER ALL OF THE PROCEEDS TO THE UNITED STATES</u>**

If the Court does not deem sanctions appropriate, Movants respectfully request that the Court enter an order that requires Bicknell & Smith to turn over all of the Proceeds it currently holds without any further delay. In the absence of a stay pending appeal, there is simply no basis to withhold the Proceeds. While the Court's prior order and the United States' demand for the turn over of the Proceeds should have been enough to effectuate the relief sought herein, apparently Bicknell & Smith needs an even more explicit order directing the turn over of the Proceeds.

8

**CONCLUSION**

Hyde and Bicknell & Smith have played one game too many. Instead of complying with this Court's prior order and the due demand of the Unite States, Bicknell & Smith has unreasonably failed to turn over the Proceeds. Hyde's counsel's response that the Proceeds would not be turned over absent a motion to compel further evidences Hyde's bad faith and delay tactics. Such dilatory conduct should not be countenanced by the Court.

WHEREFORE, the United States of America and The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago respectfully request that this Court enter an order:

(i) sanctioning Bicknell & Smith in an amount equal to the attorneys' fees and costs expended in making this motion, together with interest on the Proceeds from the December 2, 2005 demand made on Bicknell & Smith for the Proceeds, and directing Bicknell & Smith to immediately turn over the Proceeds to the Clerk's Office for the United States; or, in the alternative

(ii) directing Bicknell & Smith to immediately turn over the Proceeds to the Clerk's Office for the United States District Court; and

(iii) granting such other relief as is just and proper.

Dated: January 17, 2006                    Respectfully submitted,

THE BOARD OF TRUSTEES OF THE PUBLIC
SCHOOL TEACHERS' PENSION AND
RETIREMENT FUND OF CHICAGO,

By its attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION


/s/ Joseph J. Koltun
William R. Moorman, Jr. (BBO#548593)
Joseph J. Koltun (BBO#641117)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

UNITED STATES OF AMERICA
By its Attorney,

Michael J. Sullivan


/s/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and accurate copy of the foregoing *Memorandum of Law in Support of Joint Motion For Sanctions, Or, In the Alternative, To Compel Garnishee To Turn Over Funds*, to be served on the parties set forth below at the addresses indicated by first-class United States mail postage prepaid:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

Dated: January 17, 2006           /s/ Joseph J. Koltun
                                  Joseph J. Koltun