# EXHIBIT A

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                  Plaintiff,    )
                                )
            v.                  )
                                )          1:04 CR 10074-01-JLT
PHILLIP HYDE                    )
                  Defendant,    )
                                )
            *and*               )
                                )
BICKNELL & SMITH, LLP           )
                  Garnishee.    )

## WRIT OF GARNISHMENT

GREETINGS TO:     BICKNELL & SMITH, LLP
                  c/o Andrew E. Bram, Esq.
                  43 Thorndike Street
                  Cmabridge, MA  02141


An application for a Writ of Garnishment against the property of the defendant, Phillip

Hyde (hereinafter "Hyde"), has been filed with this Court.  A Judgment has been entered against

the above-named defendant in the amount of $317,778.68, plus costs and interest.

You are required by law to answer in writing, under oath, within ten (10) days, whether

or not you have in your custody, control or possession, any property owned by the debtor,

including non-exempt, disposable earnings.

You must file the original written answer to this writ within ten (10) days of your receipt

of this writ with the Clerk of the United States District at:1 Courthouse Way, Suite 2300, Boston,

MA 02210.  Additionally, you are required by law to serve a copy of this writ upon the

defendant at: Phillip Hyde , 26 Union Street Cambridge, MA 02141; and upon the United States

Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Under the law, there is property which is exempt from this writ of Garnishment. Property which is exempt and which is not subject to this order is listed on the attached Claim for Exemption form.

If you fail to answer this writ or withhold property in accordance with this writ, the United States of America may petition the Court for an order requiring you to appear before the Court. If you fail to appear or do appear and fail to show good cause why you failed to comply with this writ, the Court may enter a judgment against you for the value of the debtor's non-exempt property. It is unlawful to pay or deliver to the defendant any item attached by this writ.

SARAH A. THORNTON
Clerk, United States District Court

By: _Rita Lovett_
Deputy Clerk

DATED: 8/18/05

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:04 CR 10074-01-JLT |
| PHILLIP HYDE | ) | |
| Defendant, | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| BICKNELL & SMITH, LLP | ) | |
| Garnishee. | ) | |

ANSWER OF THE GARNISHEE

_Andrew Bram_, BEING DULY SWORN DEPOSES AND SAYS:
(Affiant)

IF GARNISHEE IS AN INDIVIDUAL: ~~YES~~

That he/she is Garnishee herein doing business in the name

of _BICKNELL & SMITH, ATTORNEYS, 43 THORNDIKE ST_
(State full name and address of business)    _CAMBRIDGE, MA 02141_

IF GARNISHEE IS A PARTNERSHIP: _N/A_

That he/she is a member of _____, a partnership which Garnishee is a

partner.

IF GARNISHEE IS A CORPORATION: _N/A_

That he/she is the _____ (Official Title) of Garnishee, _____

a corporation, organized under the laws of the State of _____.

On _August 19_, 200_5_, Garnishee was served with the Writ of Garnishment.

1.   The Garnishee has custody, control or possession of the following property (non-

earnings), in which the defendant maintains an interest, as described below:

| | Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|---|
| 1. | Sale Proceeds | 121,895 | Proceeds from Sale of home |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Garnishee anticipates owing to the judgment-debtor in the future, the following amounts:

| | Amount | Estimate date or Period Due |
|---|---|---|
| 1. | $  N/A | |
| 2. | $ | |
| 3. | $ | |
| 4. | $ | |

(Check the applicable line below if you deny that you hold property subject to this order of garnishment.)

___  The Garnishee makes the following claim of exemption on the part of Defendant:

_____ .

___  The Garnishee has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim:

_____ .

___  The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.

The Garnishee mailed a copy of this answer by first-class mail to: (1) Phillip Hyde, 26 Union Street Cambridge, MA 02141; and (2) Christopher R. Donato, Assistant U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

_____
Garnishee

Subscribed and sworn to before me this ___ day of _____

_____
Notary Public

My Commission expires:

LEONARD A. FRISOLI
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires 1/19/2012

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04 CR 10074-01-JLT |
| | ) | |
| PHILLIP HYDE | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BICKNELL & SMITH | ) | |
| Garnishee | ) | |

## CLAIM FOR EXEMPTION

The Defendant, Phillip Hyde, hereby claims that the monies garnished pursuant to an Order of this Court dated August 18, 2005 (sic), are exempt from the reach of creditors pursuant to 11 U.S.C. §522(c), as said monies which are the direct sale proceeds of the Defendant's homestead, which was scheduled as exempt in his Chapter 7 Bankruptcy Petition, Docket No. 03-14530-JNF.

The Defendant's claim of exemption in the sale proceeds is currently under consideration before United States Bankruptcy Judge, Joan N. Feeney.

Accordingly, the Defendant requests that this Court take no action until such time as the Bankruptcy Court has made its final ruling.

Defendant By His Attorney,

Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
(617) 494-0200

Date: 9/13/05

### Certificate of Service

I, Leonard A. Frisoli, hereby certify that a true copy of the above Claim For Exemption was served upon counsel for the Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210, by mail on September 12, 2005.

Leonard A. Frisoli

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Criminal Action No. 04-10074-JLT |
| | * | |
| PHILIP HYDE, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| and | * | |
| | * | |
| BICKNELL & SMITH | * | |
| | * | |
| Garnishee. | * | |

ORDER

November 2, 2005

TAURO, J.

In response to the Bankruptcy Court's opinion dated September 26, 2005, this Court holds that:

1.  The postpetition restitution order entered as part of Debtor's sentence following a criminal conviction for mail fraud creates an entirely new obligation owed to the United States unaffected by the Debtor's homestead exemption and 11 U.S.C. § 522(c); and

2.  The United States may enforce the restitution order by garnishing the proceeds from the sale of the Debtor's residence.

IT IS SO ORDERED.

          /s/ Joseph L. Tauro
        United States District Judge

# EXHIBIT E



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 2, 2005

Andrew E. Bram, Esq.
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

　　　　　Re: US v.Phillip Hyde
　　　　　　Docket No. 04-10074-JLT

Attorney Bram:

　　　　On November 2nd, 2005 Judge Tauro issued an order compelling your office to turn over funds being held for Phillip Hyde derived from the sale proceeds of 26 Union Street Cambridge, MA 02141. To date these funds have not been turned over to the Office of the Clerk. A copy of said order has been enclosed for your review.

　　　　Feel free to contact my office with any questions or concerns regarding compliance of this order and the turnover of funds being held for the debtor. I can be reached at 617-748-3243.

　　　　　　　　　　　Sincerely,

　　　　　　　　　　　JOSEPH J. BEAULIEU
　　　　　　　　　　　Litigation Case Manager
　　　　　　　　　　　Financial Litigation Unit

# EXHIBIT F

# FRISOLI ASSOCIATES, P.C.
### ATTORNEYS AT LAW
### 43 THORNDIKE STREET
### BULFINCH SQUARE
### CAMBRIDGE, MA 02141

LEONARD M. FRISOLI, JR.
JOSEPH W. McDERMOTT
LEONARD A. FRISOLI

TELEPHONE: (617) 494-0200
FACSIMILE: (617) 494-9068
laf@frisolilaw.com

VIA FACSIMILE ONLY        617-748-3972

$\square$ Pages

Joseph J. Beaulieu
Financial Litigation Unit
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

December 6, 2005

> RE:   Phillip W. Hyde
> 04-10074-JLT

Dear Joe:

Attorney Bram has requested that I speak with you in regard to your fax to him, dated 12/2/05. As I mentioned yesterday, there is nothing in the language of Judge Tauro's Order which compels anyone to deliver the garnished funds to your office. Additionally, Attorney Bram and I were not made aware of the Order until last week.

You stated that the Writ we received instructs the garnishee to turn over the funds, however, the Instructions To The Garnishee state just the opposite. At this time there is no motion which has been filed compelling the garnishee to deliver the funds to the DOJ. Additionally, the Order is only to Judge Feeney's question out of the Bankruptcy Court. It does not appear that Judge Tauro has ruled on my claim for exemptions and request for hearing. Lastly, there is an appeal of Judge Tauro's order.

There is also a secondary issue to discuss. At the time of the Answer, Bicknell & Smith was holding approximately $121,895 as the sale proceeds. Since that time, Bicknell & Smith has deposited an additional $15,000 into the IOLTA account based upon an escrow that was released to the Phil Hyde, when he vacated his home. Attorney Bram and Phil Hyde have requested that they be allowed to pay certain vendors out of the $15,000 escrow, as they were to be paid at the closing but did not submit their respective invoices in time.

At this time, I think the most appropriate course of action would be to file a joint motion for instructions on the garnished money, which remains in Attorney Brain's IOLTA account. I would be willing to draft this motion for Attorney Donato's review. Let me know how you would like to proceed.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Leonard A. Frisoli

# EXHIBIT G

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

January 6, 2006

**VIA FACSIMILE**

Andrew Bram, Esq.
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, Massachusetts 02141

>    Re:    *United States of America v. Phillip Hyde, et al.*, Criminal Docket No.
>    04-10074-JLT, and *In re Phillip W. Hyde*, Case No. 03-14530-JNF

Dear Mr. Bram:

　　We write to inquire as to why you have failed to pay over to the government any of the funds (the "Funds") in your possession related to the sale of the residence of Phillip W. Hyde ("Mr. Hyde").

　　As you are no doubt aware, by order dated November 2, 2005 (the "Order"), the United States District Court for the District of Massachusetts ordered that the proceeds of the sale of Mr. Hyde's residence may be garnished by the government to satisfy, in part, the restitution order previously entered by the Court. We understand that to date, none of the Funds have been turned over to the U.S. Attorney's Office. While Mr. Hyde has filed a notice of appeal of the Order, there has been no stay of the Order entered by the Court.

　　Please be advised that we are seriously considering filing a contempt motion and seeking sanctions, attorneys' fees, interest and costs incurred as a result of your failure to turn over the Funds.

　　If you have any questions regarding this matter, please feel free to call me.

Sincerely,

Joseph J. Koltun

cc:    Christopher Donato, Esq.
　　　William W. Leathem, Esq.
　　　Leonard A. Frisoli, Esq.
　　　William R. Moorman, Jr., Esq.

# EXHIBIT H



# FRISOLI & ASSOCIATES
### ATTORNEYS AT LAW
### 43 THORNDIKE STREET
### BULFINCH SQUARE
### CAMBRIDGE, MA 02141

LEONARD M. FRISOLI, JR.                                TELEPHONE: (617) 494-0200
JOSEPH W. McDERMOTT                                    FACSIMILE:  (617) 494-9068
LEONARD A. FRISOLI

VIA FACSIMILE ONLY          617-742-1788          Pages

Joseph J. Koltun, Esq.
Craig and Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

                                                      January 10, 2006

        RE:    Phil Hyde

Dear Bill:

        As I mentioned this morning, I have spoken with Phil Hyde and Andy Bram in
regard to your letter of 1/6/06.  Phil is not willing to drop his appeal, especially in light of
the recent In re: Cunningham decision.  It appears that Judge Tuaro's decision will be
overturned on appeal.

        Further, your letter to Andy Bram is inaccurate.  There has been no motion to
compel Attorney Bram to deliver the proceeds to the DOJ.  Accordingly, the frozen
monies remain in his IOLTA, account pending rulings on the motions filed, none of
which is a motion to compel.  More importantly, there has been a motion to stay the
turnover of any monies, which has yet to be ruled upon.

        Lastly, you have no standing to bring a motion to compel or seek sanctions,
attorneys' fees, interest, and costs, because neither you nor your client are parties to this
action.

        Presently, Phil is willing to turnover to your client the approximately $128,000.00,
on the condition that your client executes an agreement that they will return said monies
if Phil wins his appeal.  In regard to the $15,000 escrow monies which also remain in
Attorney Bram's IOLTA account, those are also the subject of a pending motion.  Phil is
requesting that these monies be turned over to him to pay certain vendors associated with
the sale of his home, as well as outstanding legal fees related to the claims of the DOJ.

Please discuss this matter with your client, so that we contact the DOJ jointly, and try to resolve this matter.

Please feel free to contact me if you have any questions.

Sincerely,

Leonard A. Frisoli