UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | 1:04 CR 10074-01-JLT |
|  | ) | |
| PHILLIP HYDE | ) | |
| Defendant | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| BICKNELL & SMITH | ) | |
| Garnishee | ) | |
| _____) | | |

**JOINT OPPOSITION TO THE
JOINT MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE
TO COMPEL GARNISHEE TO TURN OVER FUNDS**

The Defendant, Phillip Hyde, and the Garnishee, Bicknell & Smith, hereby jointly oppose the Joint Motion For Sanctions, Or, In The Alternative, To Compel Garnishee To Turn Over Funds, filed by the Department of Justice ("DOJ"), and the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago ("Fund").

As reasons therefore, both the Defendant, and the Garnishee have agreed to turn over the Funds. However, despite the willingness of the DOJ, through Christopher Donato, Esq., to withdraw its Joint Motion and allow the frozen monies to be disbursed in accordance with this Court's Orders dated 1/17/06, the Fund has raised objections to the Court's ruling and will not agree to disbursement of the monies.

On 1/17/06, this Court ruled on the Defendant's Motions, ordering the previously frozen funds of $121,895 to be paid to the Clerk's Office, and the $15,000 to be paid to

the Defendant's other creditors.  However, the Fund has steadfastly refused to allow these monies to be disbursed as instructed by the Court.  The Fund appears to be relying upon the trustee process attachment it obtained in the state court action referenced in its Joint Motion.  Further, the Fund has refused to withdraw its Joint Motion, despite the DOJ agreeing to do so, and has notified Defendant's counsel that the $15,000 may not be released.  The Fund sent Defense Counsel a letter on 1/19/06, specifically stating:

> "We are in receipt of the Court's electronic order dated January 15, 2006 which apparently "granted" the Motion For Instructions filed by defendant, Phillip Hyde.  Please be advised that we are considering exactly what the "granting" of the motion means and what additional relief we may seek from Judge Tauro.  In the meantime, given the pending state court injunction in place which prohibits the transfer of any sale proceeds, no monies held on behalf of Mr. Hyde (including those that were the subject of the motion before Judge Tauro) may be transferred unless and until the state court injunction is modified".

The Fund's letter strains credulity where it represents that it does not know what the "granting of the motion means".  Apparently, the Fund is not familiar with the res judicata concepts of claim and/or issue preclusion.  It should also be noted that the Fund is not even a party to this action.  While it has filed a motion to intervene, said motion has not been ruled upon by this Court.  Despite its letter, the Fund has taken no action on the Court's order or modified their state court injunction.

Further, the DOJ has done a commendable job in representing the victim in this action.  The Fund has only caused problems and created confusion with its numerous filings.  It is more than ironic to consider that the Fund has moved for sanctions based upon an order of this Court, but now refuse to honor another order of this Court by relying on their own previously filed state court action.

Presently the DOJ, the Defendant, and the Garnishee have agreed to turn over the $121,895 to the Court.  However, the Fund appears to be holding this matter up, unless it

also receives the $15,000 which this Court has already authorized to be disbursed to the Defendant's other creditors.

Previously, the Defendant requested that this Court stay the turnover of the $121,895, pending the appeal. However, since the Court has denied that motion, the Defendant, and the Garnishee, are ready, willing, and able to turn over said monies. Unfortunately, the Fund has continued with its scorched earth tactics to prevent the Defendant, and any of his creditors, from being paid from the $15,000 which was released by this Court.

The Fund fails to acknowledge that the only reason any money was available to pay the Fund or any creditors, was because the Defendant was able to sell his residence on the eve of foreclosure. But for the Defendant's quick sale, there would be no money available for the Fund to fight over.

Accordingly, the Defendant and Garnishee remain ready, willing, and able to turn over the $121,895, but are not able to based upon the Fund's reliance on its state court injunction.

WHEREFORE, the Defendant and Garnishee request that this Court deny the Joint Motion of the DOJ and the Fund. It should be noted that the DOJ, Defendant, and Garnishee are in agreement to withdrawal of the Joint Motion. Further, the Defendant and Garnishee request that this Court order the Fund to dismiss its state court action as duplicative and moot.

Defendant By His Attorney,

 /s/ Leonard A. Frisoli
Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
(617) 494-0200

                                                      Garnishee, Pro Se

                                                 /s/ Andrew Bram
                                                 Andrew Bram, Esq.
                                                 Bulfinch Square
                                                 43 Thorndike Street
                                                 Cambridge, MA 02141
Date:1/26/06                                    (617) 494-9400

Certificate of Service

     I, Leonard A. Frisoli, hereby certify that a true copy of the above document was served upon counsel, by mail, on January 26, 2006, for the:
     1. Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210;
     2. Garnishee, Bicknell & Smith; and
     3. Fund, William Moorman, Esq.

                                                 /s/ Leonard A. Frisoli
                                                 Leonard A. Frisoli