UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Docket No. |
| v. ) | 04-10074-JLT |
| ) | |
| PHILLIP HYDE, ) | |
| ) | |
| Defendant, ) | |
| ) | **REQUEST FOR ORAL ARGUMENT** |
| and ) | |
| ) | |
| BICKNELL & SMITH, ) | |
| ) | |
| Garnishee ) | |

## MOTION FOR CLARIFICATION AND
## REQUEST FOR STATUS CONFERENCE

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund"), hereby respectfully moves this Court to (i) clarify its electronic order dated January 15, 2006 (the "Order"), which granted the Motion for Instructions of defendant Philip Hyde ("Hyde"), and (ii) hold a status conference in this matter.

As grounds for this Motion, the Fund respectfully submits as follows:

1.      On November 2, 2005, the Court entered an order stating that funds resulting from the sale of Hyde's residence (the "Proceeds") being held by the law firm of Bicknell & Smith, LLC ("Bicknell & Smith") could be garnished by the Government in order to satisfy a restitution order entered by the Court on April 20, 2005.  *See* Docket Entry Nos. 12 and 26.

As of this date, despite due demand, none of the Proceeds have been turned over to the Government.[1]

2.   Thereafter, on December 12, 2005, Hyde and Bicknell & Smith filed a "Motion for Instructions" in which they sought instructions regarding $15,000 (also sale proceeds) being held in escrow by Bicknell & Smith. *See* Docket Entry No. 30. Essentially, Hyde sought to pay certain vendors listed in the Motion for Instructions that helped him move out of his residence, as well as certain of his post-move out living expenses.

3.   On January 15, 2006, the Court "granted" defendant Hyde's Motion for Instructions. However, it is not clear to the Fund whether the Order authorizes Hyde to (i) reimburse himself for creditors who may have already been paid from other sources, or (ii) pay other creditors not delineated in his Motion for Instructions. In addition, based on recent correspondence, the Fund believes Hyde intends to pay attorney's fees out of the $15,000, notwithstanding the fact that the Motion for Instructions asked only for the payment of Hyde's moving expenses.

4.   On January 26, 2006, Hyde and Bicknell & Smith filed a joint opposition (Docket Entry No. 41) to the joint motion for sanctions filed by the Fund and the United States of America. While the Fund disputes many of the statements made in Hyde and Bicknell & Smith's joint opposition, the Fund and Hyde have been able to agree on the following:

(i)   Bicknell & Smith will immediately turn over $121,895 to the Clerk of the Court for distribution to the Fund;

(ii)  Neither Bicknell & Smith nor Hyde will object to the Fund intervening or otherwise being heard in this action and any appeal;

(iii) Bicknell & Smith and Hyde's counsel shall hold the remaining $15,000 until such time as the Court acts on this Motion for Clarification;

---

[1] Accordingly, on January 17, 2006, the Fund and the United States of America filed a joint for sanctions and to compel the turn over of the Proceeds.

(iv)    The Fund, Hyde, and Bicknell & Smith request a status conference; and

(v)    The Fund will dismiss the State Court proceeding without prejudice upon the turn over of the $121,895 to the Clerk of the Court and Bicknell & Smith's agreement to hold the $15,000 pending further order of this Court.

WHEREFORE, The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago respectfully requests that the Court:

(i)    clarify its January 15, 2006 Order by delineating whether Hyde is allowed to pay only those vendors who are specified in the Motion for Instructions and only those creditors who have not been paid from other sources;

(ii)    grant oral argument on this motion and/or a status conference; and

(iii)    grant such other relief as is just and proper.

In accordance with Local Rules 7.1 and 112.1, counsel for the Fund has conferred with counsel for Hyde and the United States Attorney in advance of filing this motion.

Dated: January 27, 2006                    Respectfully submitted,

                            THE BOARD OF TRUSTEES OF THE PUBLIC
                            SCHOOL TEACHERS' PENSION AND
                            RETIREMENT FUND OF CHICAGO,

                            By its attorneys,

                            CRAIG AND MACAULEY
                             PROFESSIONAL CORPORATION


                            /s/ Joseph J. Koltun
                            William R. Moorman, Jr. (BBO#548593)
                            Joseph J. Koltun (BBO#641117)
                            Craig and Macauley
                             Professional Corporation
                            Federal Reserve Plaza
                            600 Atlantic Avenue
                            Boston, Massachusetts  02210
                            (617) 367-9500

CERTIFICATE OF SERVICE

      I hereby certify that on this day I caused a true and accurate copy of the foregoing *Motion For Clarification*, to be served on the parties set forth below at the addresses indicated by first-class United States mail postage prepaid on January 27, 2006:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210


Dated: January 27, 2006                /s/ Joseph J. Koltun
                                            Joseph J. Koltun