UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
           Plaintiff,         )
                              )
v.                            )    1:04 CR 10074-01-JLT
                              )
PHILLIP HYDE                  )
           Defendant          )
_____)

# DEFENDANT'S MOTION TO CONSIDER
# NOTICE OF APPEAL AS TIMELY FILED

Defendant, Phillip Hyde, hereby moves the Court, pursuant to Fed.R.App.P 4(b), to consider his previously filed Notice of Appeal, as timely.

The Court issued an Order on November 2, 2005, allowing the U.S. to garnish the proceeds from the sale of the Debtor's residence. Defendant did not file his notice of appeal within ten days of the date of the Court's Order. However, the Defendant did file his notice of appeal within thirty days following the ten day time period.

The Court's Order was borne of a question from the United States Bankruptcy Court, Feeney, J., dated September 26, 2005, which was referred to the District Court: "Whether or not the post petition restitution order entered as part of the Debtor's sentence following a criminal conviction for mail fraud creates an entirely new obligation owed to the United States unaffected by the Debtor's homestead exemption and 11 U.S.C. §522(c)…". This is the sole issue on appeal.

When the Court issued said Order, Defendant's counsel did not receive notice of said Order, nor was said Order sent back to the Bankruptcy Court for notice to the parties.

Upon being informed of the Court's Order, by the Department of Justice, after the ten day appeal period, Defendant filed his notice of appeal. Defendant's position is that since it did not receive notice of the Court's Order, this oversight rises to the level of excusable neglect. Accordingly, the Defendant's previously filed notice of appeal should be treated as a motion to extend the time for filing said notice of appeal, and should be allowed. <u>U.S. v. Batista</u>, 22 F.3d 492 (2nd Cir. 1994).

The above referenced issue on appeal in this case is one of first impression in the district. The appeal is unrelated to the conviction or sentencing of the Defendant. The appeal has been perfected in all other respects, and has not been interposed for delay or bad faith.

WHEREFORE, the Defendant moves the Court to allow Defendant's Motion To Consider Notice of Appeal As Timely Filed, and allow the appeal to continue.

                                                    Defendant By His Attorney,

                                                    /s/ Leonard A. Frisoli
                                                    Leonard A. Frisoli, BBO #638201
                                                    Frisoli Associates, P.C.
                                                    Bulfinch Square
                                                    43 Thorndike Street
                                                    Cambridge, MA 02141
                                                    (617) 494-0200

Date:3/27/06

Certificate of Service

I, Leonard A. Frisoli, hereby certify that a true copy of the above Motion was served by mail and/or ECF Notice, on March 27, 2006, upon:

1. Counsel for the Appellee/Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and

2. Counsel for the Intervenor/Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago, William Moorman, Jr., Esq., Craig and Macauley, P.C., Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02110.

    /s/ Leonard A. Frisoli
Leonard A. Frisoli