UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04 CR 10074-01-JLT |
| | ) | |
| PHILLIP HYDE | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BICKNELL & SMITH | ) | |
| Garnishee | ) | |
| _____) | | |

**AMENDED JOINT MOTION OF DEFENDANT, PHILLIP HYDE, AND GARNISHEE, BICKNELL & SMITH, FOR INSTRUCTIONS ON WRIT OF GARNISHMENT**

The Defendant, Phillip Hyde, and Garnishee, Bicknell & Smith, hereby jointly move the Court for instructions on the Writ of Garnishment ("Writ") entered on August 18, 2005, in regard to a $15,000 escrow balance currently held by Bicknell & Smith.

On November 2, 2005, in response to a question from the United States Bankruptcy Court, Feeney, J., this Court issued an Order stating that the restitution order, issued by this Court, creates an entirely new obligation owed by the Debtor, and allowed the Department of Justice ("DOJ") to enforce said restitution order. The Defendant timely filed an appeal of said Order.

On August 15, 2005, Bicknell & Smith, as closing counsel to the Defendant, was served with a Writ, garnishing the monies of the Defendant. On August 19, 2005, Bicknell & Smith answered the Writ, stating that approximately $121,895.00 was being

held in escrow.  These monies were the direct proceeds of the sale of the Defendant's residence, which was scheduled as exempt in his bankruptcy petition.  Said $121,895.00 has already been paid over to the DOJ.

On August 10, 2005, the Defendant sold his residence, just prior to a foreclosure auction, scheduled for August 12, 2005.  At the time of the sale of the Defendant's residence, the Defendant was not required to vacate the residence until August 30, 2005.  Accordingly, an escrow account of $15,000 was established to ensure that the Defendant would vacate his residence, and that said residence would be turned over in the condition required under the purchase and sale agreement, i.e. empty and broom clean.  Said escrow account was to be used, if necessary, to evict the Defendant and restore the residence to the required condition at the time of sale.  The Defendant ultimately vacated the residence in a timely fashion and the $15,000 escrow was released to the Defendant.  Said $15,000 is currently being held by Bicknell & Smith.

In order to vacate the residence, the Defendant was required to hire certain vendors to clean the house and remove and store his personal belongings.  Since the additional $15,000 remains in escrow, it has not been used to pay the costs incurred in vacating the house.  Specifically, there are three vendors, Gentle Giant, Junk Out, and Walker & More, whose bills for services incurred in removing the Defendant from the house remain unpaid.  The fourth vendor, Corporate Stay, was paid $4,605.00 by Phillip Hyde, for which he requests reimbursement from the escrow balance.  The vendors are:

1. Gentle Giant - $10,490.16 (moving and storage expense) – Ex. A;
2. Junk Out - $1,068 (junk removal fee) – Ex. B;
3. Walker & More - $200 (cleaning fees); - Ex. C; and
4. Corporate Stay - $4,605 (short term living) – Ex. D

The above referenced vendors, with the exception of Corporate Stay, are local small businesses, who provided goods and services in anticipation of payment from the $15,000 escrow account.  However, as a result of the Writ, said $15,000 has not been released to make any payments to the vendors.

On September 9, 2005, the Defendant, through counsel, contacted counsel for the Pension fund requesting permission to pay these bills, and provided copies of said bills. The Pension refused to allow payments to the vendors.

Accordingly, the Defendant and the Garnishee seek the Courts permission to pay the bills of Gentle Giant, Junk Out, Walker & More, and reimburse Phillip Hyde to extent possible of the monies he paid to Corporate Stay.

WHEREFORE, the Defendant, Phillip Hyde, and the Garnishee, Bicknell & Smith, jointly move the Court for permission to pay the bills of Gentle Giant, Junk Out, Walker & More, and reimburse Phillip Hyde to extent possible of the monies he paid to Corporate Stay.

Defendant By His Attorney,

 /s/ Leonard A. Frisoli
Leonard A. Frisoli, BBO #638201
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
(617) 494-0200

Garhishee, Pro Se,

 /s/ Andrew Bram
Andrew Bram
Bicknell & Smith
43 Thorndike Street
Cambridge, MA 02141
(617) 494-9400

Date:4/27/06

Certificate of Service

I, Leonard A. Frisoli, hereby certify that a true copy of the above document was served upon counsel:
 1. for the Plaintiff, Christopher Donato, Esq., U.S. Attorney's Office, Financial Litigation Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and
 2. for the Fund, William Moorman, Esq., by mail/or ECF, on April 27, 2006.

/s/ Leonard A. Frisoli
Leonard A. Frisoli