UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>PHILLIP HYDE, )<br>  )<br>Defendant, )<br>  )<br>and )<br>  )<br>BICKNELL & SMITH, )<br>  )<br>Garnishee )<br>  ) | Criminal Docket No.<br>04-10074-JLT |

**REPLY OF THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO TO THE AMENDED JOINT MOTION OF DEFENDANT PHILLIP HYDE AND GARNISHEE BICKNELL & SMITH FOR INSTRUCTIONS ON WRIT OF GARNISHMENT**

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Fund") hereby respectfully responds to the Amended Joint Motion (the "Amended Motion") of Phillip Hyde ("Hyde") dated April 27, 2006. The Amended Motion seeks the release of $15,000 being held in escrow as a result of the sale of Hyde's residence in August 2005. The Fund opposes the release of the majority of these funds to other creditors of Hyde because the Fund has prior superior rights to the monies at issue and Hyde's expenses relate to obligations he incurred _after_ he sold his home. The expenses to which the Fund objects are not properly categorized as necessary moving expenses.

Accordingly, the Fund requests that the Court order that $11,191 of the $15,000 being held in escrow by Bicknell & Smith be turned over to the Clerk of the Court to be distributed to the Fund in further satisfaction of Hyde's restitution obligation.

## BACKGROUND[1]

1.  On or about March 1, 2004, Hyde signed a plea agreement pursuant to which he agreed not to transfer any assets in which he had an interest without the U.S. Attorney's express written consent.  *See* Docket Entry No. 4, p. 4.

2.  On May 12, 2004, Hyde pleaded guilty to one count of mail fraud and, on April 20, 2005, this Court imposed a sentence of one year and one day in prison, to be followed by two years of supervised release.  In addition, as part of his sentence, pursuant to 18 U.S.C. §§ 3663 and 3664, Hyde is required to pay restitution in the amount of $317,678.68.  Further, the Criminal Judgment states that "If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances." *See* Docket Entry No. 12, p. 1.

3.  In August 2005, Hyde sold his residence in Cambridge for $575,000 without having obtained the U.S. Attorney's express written consent or notifying the Court of the sale. After the sale, Hyde paid several of his creditors, including his attorneys and a "rich uncle" a substantial amount ($34,078) from the sale proceeds of his home (the "Proceeds").  *See* letter from Hyde's counsel dated August 25, 2005 attached hereto as Exhibit A.  Upon learning of the sale, the Fund obtained an injunction against Hyde in state court preventing further distribution of the Proceeds.

---

[1] In the interests of avoiding undue repetition, the Fund respectfully refers the Court to its opposition dated December 22, 2005 (Docket Entry No. 37) to the original joint motion for instructions filed by Hyde on December 12, 2005 (the "Motion for Instructions") (Docket Entry No. 30).

4.      On November 2, 2005, the Court entered an order stating that the remaining Proceeds being held by the law firm of Bicknell & Smith could be garnished by the Government in order to satisfy the restitution order entered by the Court. *See* Docket Entry No. 26.

5.      Thereafter, on December 12, 2005, Hyde and Bicknell & Smith filed the Motion for Instructions in which they sought instructions regarding a further $15,000 being held in escrow by Bicknell & Smith. *See* Docket Entry No. 30. As part of the contract of sale of Hyde's residence, $15,000 was to be separately held in escrow to be used by the buyers of the home to evict Hyde in the event he did not vacate the premises by the end of August 2005. The Motion for Instructions sought to pay certain vendors listed therein that helped Hyde move out of his residence, as well as certain of his post-move out living expenses.

6.      Specifically, Hyde sought to pay the following expenses from the $15,000:

- Junk Out – $1,068 (junk removal fee);
- Walkers & More – $200 (cleaning expenses);
- Gentle Giant – $3,904.16 (moving expense);
- Gentle Giant – $7,900 (**one year** of storage); and
- Corporate Stay – $4,600 (short term rent).[2]

Motion for Instructions, p. 2 (emphasis added). The Fund objected to the Motion for Instructions on several grounds, including that (i) the $15,000 was to be used by the *buyers* to evict Hyde if he had not moved out by the end of August 2005, (ii) there was no evidence submitted to establish that the expenses listed above had not already been paid by Hyde, (iii) the expenses sought to be paid by Hyde post-dated his restitution obligation, and (iv) the expenses sought to be paid related to post-move out living expenses.

---

[2] Apparently, the expenses originally sought by Hyde in the Motion for Instructions for payment to Gentle Giant have been reduced from $11,804.16 to $10,490.16, notwithstanding the fact that the Motion for Instructions sought only one year of storage at a rate of $7,900 and the Amended Motion seeks nineteen months of storage at a rate of $6,586.

7.      On March 23, 2006, the Court held a hearing on the Motion for Instructions, and directed that Hyde file affidavits with the Court to establish which of the expenses listed in the Motion for Instructions remain unpaid.

8.      The Amended Motion makes clear that (i) Hyde has already paid the "Corporate Stay" payment of $4,600, and (ii) the payments to Junk Out, Walkers & More and Gentle Giant totaling $11,758.16 have not been paid.  However, the largest portion of the unpaid bills ($6,586) relates to storage charges incurred by Hyde <u>after</u> he moved out of his residence from September 30, 2005 through April 30, 2007 (a period of nineteen months).  *See* the Gentle Giant invoice attached to Exhibit A to the Amended Motion.

9.      There is simply no reason that Hyde should be able to use money rightfully belonging to the Fund to pay post-move out (i) rent in the amount of $4,605 (which rent Hyde admits he has already paid), and (ii) storage expenses for a nineteen month period in the amount of $6,586.  On the other hand, there are many reasons why the Fund should receive these monies, including:

- Hyde's admitted lengthy fraud against the Fund;
- Hyde's sale of his home in violation of his Plea Agreement;
- Hyde's payment of his lawyers and relative from the Proceeds;
- Hyde's litigious efforts to avoid paying off the debt to the very entity he defrauded.

Any other ruling will allow Hyde to pick and choose which of his creditors he wishes to pay, notwithstanding his restitution obligation to the Fund.

**CONCLUSION**

For the foregoing reasons, the Fund respectfully requests that the Court order that $11,191 of the $15,000 being held in escrow by Bicknell & Smith be turned over to the Clerk of the Court and distributed thereafter to the Fund.

Dated: April 28, 2006                            Respectfully submitted,


THE BOARD OF TRUSTEES OF THE PUBLIC
SCHOOL TEACHERS' PENSION AND
RETIREMENT FUND OF CHICAGO,

By its attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION


/s/ Joseph J. Koltun
William R. Moorman, Jr. (BBO#548593)
Joseph J. Koltun (BBO#641117)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and accurate copy of the foregoing *Reply of the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago to the Amended Joint Motion of Defendant Phillip Hyde and Garnishee Bicknell & Smith for Instructions on Writ of Garnishment*, to be served on the parties set forth below at the addresses indicated by first-class United States mail postage prepaid on April 28, 2006:

Leonard A. Frisoli
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141

Andrew Bram
Bicknell & Smith, LLP
43 Thorndike Street
Cambridge, MA 02141

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01701

Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

/s/ Joseph J. Koltun
Joseph J. Koltun